878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin DIXON, Plaintiff-Appellant,
v.
Michael DUTTON, Robert rose, Paul Alexander, Walter
Gardiner, Defendants-Appellees.
 No. 88-5483.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1989.
 
 Before KEITH and ALAN E. NORRIS Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Melvin Dixon, pro se, an inmate at the Tennessee State Penitentiary, appeals the district court's entry of judgment upon the jury's award of nominal damages against defendant Alexander and the jury's verdict in favor of defendant Rose, in this action brought pursuant to 42 U.S.C. Sec. 1983 and the eighth amendment of the United States Constitution.
 
 FACTS
 
 2
 In June of 1984, Dixon was diagnosed by a prison physician as suffering from high blood pressure and moderately severe hypertension. Medication was prescribed to treat these conditions. On July 11, 1984, Dixon was examined by Dr. Walter Gardiner, a nephrologist who operates a renal disease and dialysis clinic at the prison hospital. Dr. Gardiner suspected a kidney disorder and ordered that a biopsy be performed at a hospital near the penitentiary the following week. The biopsy, however, was not performed until January 22, 1985.[1] Dixon claims that Dr. Gardiner and Ann Gayters, a dialysis nurse who assisted Dr. Gardiner, discussed the possibility of cancer with Dixon. Both Dr. Gardiner and Gayters deny having had any such discussions.
 
 
 3
 On March 11, 1985, Dixon filed a complaint in federal district court[2] against Michael Dutton, the warden of the prison, Robert Rose, the administrator of the prison hospital, Dr. Gardiner, Dixon's treating physician, and Dr. Paul Alexander, the medical director of the prison hospital. The complaint alleged "Deliberate Indifference of a serious medical need, Improper Medical Treatment, and cruel and inhumane treatment", in violation of 42 U.S.C. Sec. 1983 and the eighth amendment.
 
 
 4
 On the same day the complaint was filed, the district court granted Dixon's application to proceed in forma pauperis. The district judge then referred the action to a magistrate. On May 20, 1985, Dr. Gardiner moved for dismissal of Dixon's claims against him. On September 10, 1985, the magistrate recommended to the district court that Dr. Gardiner's motion be granted. In the same order, the magistrate appointed counsel for Dixon. On October 23, 1985, the district court adopted the magistrate's recommendation and dismissed Dr. Gardiner from the suit. Dr. Alexander filed a motion for summary judgment on September 25, 1985. On March 7, 1986, the magistrate recommended that Dr. Alexander's motion be denied. On April 15, 1986, the district court adopted the magistrate's March 7 recommendation. Defendants Dutton and Rose filed a motion for summary judgment on October 23, 1987. On February 29, 1988, the district court adopted the magistrate's January 21, 1988 report and recommendation that summary judgment be granted in favor of Dutton but denied as to Rose.
 
 
 5
 Trial was held on April 19-21, 1988. At the close of the trial, the jury found in favor of Dixon against Dr. Alexander and awarded nominal damages of $1. The jury also found in favor of defendant Rose. The district court entered a judgment upon the jury's verdict on April 26, 1988. A motion for new trial was not filed on Dixon's behalf. Nevertheless, Dixon now appeals the district court's entry of judgment.[3]
 
 ANALYSIS
 
 6
 Dixon asserts on appeal that the jury's award of nominal damages against Dr. Alexander is inadequate. This contention, however, is not open for review by this court because Dixon failed to move for a new trial following the district court's entry of judgment.
 
 
 7
 The excessiveness or inadequacy of verdicts should be submitted to the trial court by motion for new trial.... The purpose for new trial motions is to give the trial judge the opportunity to initially correct errors made at trial. The trial judge must be given the opportunity to exercise his discretion. Furthermore, the trial judge's ruling on that motion creates a full record on appeal. On appeal, our scope of review is limited to whether the trial court abused its discretion in ruling on that motion.... This court may not review the alleged excessiveness of verdicts absent a timely motion for new trial and the trial court's ruling thereon.
 
 
 8
 Young v. Langley, 793 F.2d 792, 794 (6th Cir.), cert. denied, 479 U.S. 950 (1986). See also Ryen v. Owens, 446 F.2d 1333, 1334 (D.C. Cir.1971) ("[A] motion for a new trial must be made to the trial court if a party desires to attack on appeal a judgment in a jury case on the ground that the damages are inadequate."); 6A J. MOORE, MOORE'S FEDERAL PRACTICE p 59.15 (2d ed. 1989).
 
 
 9
 The Supreme Court in Haines v. Kerner, 404 U.S. 519, 520-21 (1972), stated that the pleadings of pro se litigants are held to a less stringent standard than formal pleadings drafted by lawyers. The courts, however, do not recognize an exception for pro se litigants to the requirement that a new trial motion must be filed and ruled upon by the district court before an appeals court can hear a claim of inadequacy of damages. We decline to adopt such an exception in this case.
 
 
 10
 As stated, it is uncertain whether Dixon is appealing the jury's verdict in favor of Rose as being against the weight of the evidence presented at trial. In any event, if this is a contention on appeal, it is similarly incapable of review by this court due to the failure of Dixon to file a new trial motion.
 
 
 11
 [I]f relief from a verdict is desired on the ground that it is against the weight of the evidence or that the damages awarded by the verdict are inadequate or excessive, a motion for a new trial is necessary to raise these matters, for the error involved is normally one of fact and not of law....
 
 
 12
 6A J. MOORE, MOORE'S FEDERAL PRACTICE p 59.15 (2d ed. 1989) (footnotes omitted).
 
 
 13
 Since Dixon failed to move for a new trial following the district court's entry of judgment, we hold that his present contentions are incapable of review by this court.
 
 
 14
 Accordingly, Dixon's appeal is dismissed.
 
 
 
 [1]
 The biopsy revealed no serious medical disorder
 
 
 [2]
 Before filing suit in federal district court, Dixon exhausted internal prison grievance procedures
 
 
 [3]
 In his pro se appellate brief and the amendments thereto, Dixon addresses only the jury's award of nominal damages against Dr. Alexander. It is uncertain whether Dixon is also appealing the district court's dismissal of Rose as a defendant. Nevertheless, an appellate brief was filed on behalf of Rose, treating Dixon's appeal as a claim that the jury's verdict in favor of Rose is against the weight of the evidence