John R. RYEN et al., Appellants,

v.

Thomas R. OWENS.

No. 23981.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 28, 1970.

Decided July 14, 1971.

As Amended July 23, 1971.

Mr. Theodore E. Lombard, Washington, D. C., for appellants.

Mr. Allan C. Swingle, Washington, D. C., for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and JOHNSON,* Chief Judge, U. S. District Court for the Middle District of Alabama.

JOHNSON, Chief District Judge:

The controversy which occasions this appeal arises from an automobile collision that took place in the District of Columbia on November 8, 1967. The Ryens—husband, wife and infant daughter—brought suit to recover for personal injuries suffered in the accident, and prevailed in the district court below. This appeal is taken only on behalf of the wife and infant daughter, and draws in question only the adequacy of the damages awarded to Mrs. Ryen and her daughter, Kimberly.[1]

At the trial below, the jury returned separate verdicts in favor of each of the Ryens. The formal judgment of the court incorporating the three verdicts was entered on October 13, 1969. On October 23, 1969 defendant Owens filed a motion for judgment n. o. v. or, in the alternative, a new trial.[2] This motion

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c).

1. John Ryen, the husband, is a party to this appeal as the father and next friend of Kimberly.

2. The motion was thus timely filed within the ten days permitted by Fed.R. Civ.P. 50(b) & 59(b).

was denied by the district court in a "Memorandum and Order" filed on November 24, 1969. The defendant chose not to take an appeal, but on December 18, 1969 a notice of appeal was filed by Mrs. Ryen and by Mr. Ryen as the father and next friend of Kimberly, expressly directed only to so much of the judgment as related to the damages awarded to Mrs. Ryen and Kimberly.[3]

Beyond the question on the merits as to the adequacy of the damage awards, two procedural questions arise from the circumstances outlined above. First, was the notice of appeal timely filed "within 30 days of the date of the entry of the judgment or order appealed from" as required by Fed.R.App.P. 4(a)?[4] *Compare* Phinney v. Houston Oil Field Material Co., 252 F.2d 357 (5th Cir. 1958) *with* Continental Casualty Co. v. United States for Use of Schaefer, 167 F.2d 107 (9th Cir. 1948), cert. denied, 337 U.S. 940, 69 S.Ct. 1517, 93 L.Ed. 1745, rehearing denied, 338 U.S. 840, 70 S.Ct. 35, 94 L.Ed. 514 (1949). Second, does the fact that the Ryens failed to timely move for a new trial in the district court below[5] foreclose them from now raising the issue of the inadequacy of the damages awarded to Mrs. Ryen and Kimberly? We have concluded that the latter question must be answered adversely to the Ryens, and accordingly the judgment of the district court must be affirmed. We therefore do not reach the remaining questions posed.

 The rule is now well established that the trial judge has the chief responsibility for passing on the question as to whether a new trial is to be granted on the ground of excessive or inadequate damages, subject to only the most limited appellate review. *See, e. g.*, Taylor v. Washington Terminal Co., 133 U.S.App. D.C. 110, 112–113, 409 F.2d 145, 147–148, cert. denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969); Rankin v. Shayne Brothers, Inc., 98 U.S.App.D.C. 214, 234 F.2d 35 (1956); 6A J. Moore, Federal Practice ¶ 59.08[6], pp. 3821–3841 (2d ed. 1966). The trial judge must, as a result, be given an opportunity to exercise his discretion. For this reason, a motion for a new trial must be made to the trial court if a party desires to attack on appeal a judgment in a jury case on the ground that the damages are inadequate.

---

3. Fed.R. App.P. 3(c) provides as follows:
 *(c) Content of the Notice of Appeal.* The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order *or part thereof appealed from;* and shall name the court to which the appeal is taken. * * *
 (Emphasis supplied.)

4. Fed.R. App.P. 4(a) reads in part as follows:
 *(a) Appeals in Civil Cases.* In a civil case * * * in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of judgment or order appealed from * * *.
 The running of the time for filing a notice of appeal is terminated as to all the parties by a timely motion filed in the district court by any party * * * [for judgment n. o. v. or a new trial].

5. The failure to move for a new trial below is explained by the Ryens' satisfaction with the verdicts as a whole when they were returned by the jury. The verdicts in favor of all three of the Ryens totaled $25,000, distributed as follows: Mr. Ryen, $23,893.25; Mrs. Ryen, $1,000; and Kimberly, $106.75. In short the Ryens considered the total amount of $25,000 to be a "family" verdict and were satisfied with this amount. It was not until well after the time for filing a motion for a new trial had passed that the Ryens first learned that appellee Owens' insurance coverage extended only to a maximum amount of $15,000 per person. The Ryens were thus faced with the prospect of actually recovering, not $25,000, but only $15,000 for Mr. Ryen and $1,-000 and $106.75 for Mrs. Ryen and Kimberly, respectively. Under the most recent amendments to Fed.R. Civ.P. 26(b) (2), effective July 1, 1970, which make the contents of insurance policies discoverable, this unfortunate situation would have been obviated. *See* Amendments to the Federal Rules of Civil Procedure Relating to Discovery, 48 F.R.D. 487, 493 (1970).

*See* Baker v. Dillon, 389 F.2d 57 (5th Cir. 1968); 6A J. Moore, Federal Practice ¶ 59.15[3], p. 3902 (2d ed. 1966). The only motion for a new trial made in the district court below was by defendant Owens, and his motion was expressly limited to the judgment in favor of Mr. Ryen. The trial court never had the opportunity to pass on the claim now presented by appellants. As a consequence, the Ryens cannot challenge on appeal the adequacy of the damages awarded to Mrs. Ryen and Kimberly.

Affirmed.