755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLEN O'BRIEN AND ELFRUN R. O'BRIEN, PLAINTEFFS-APPELLANTS,
v.
ROBERT ALDER, GREEN OAK TOWNSHIP, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-1185
 United States Court of Appeals, Sixth Circuit.
 1/18/85
 
 ORDER
 BEFORE: ENGEL, KRUPANSKY and WELLFORD, Circuit Judges.
 
 
 1
 These two Michigan State pro se litigants are appealing from a district court order denying their motion for a new trial.
 
 
 2
 The motion for new trial was filed on November 18, 1983, over a year after the district court had entered an order on April 21, 1982, which granted, in part, and denied, in part, their motion for rehearing. The district court essentially ruled that the plaintiffs had prematurely brought an appeal from matters respecting their adversary suit which had not yet been dismissed by the bankruptcy court. It , therefore, reversed its previous ruling dismissing the appeal on other grounds and informed the plaintiffs that their adversary suit was still pending in the bankruptcy court. The district court also, however, refused to disturb its earlier ruling to the extent it had dismissed plaintiffs' appeal from the order dismissing their Chapter 13 suit in the bankruptcy court. The latter order respecting the dismissal of plaintiffs' bankruptcy proceeding was ultimately affirmed by order of this Court in cases numbered 82-1308 and 82-1407.
 
 
 3
 In this appeal from the district court's order denying their motion for new trial, plaintiffs are raising a multitude of claims, charges and issues regarding this Court's staff, attorney incompetence, their bankruptcy proceedings, the foreclosure and sale of their home and issues regarding various police officers and their departments.
 
 
 4
 After carefully considering this cause in light of all of the arguments raised by the parties in their respective briefs, this Court concludes that the district court properly denied plaintiffs' motion for a new trial. As a motion for a new trial authorized under Rule 59(a) and (b), Federal Rules of Civil Procedure, it was clearly filed well beyond the prescribed time period and was, therefore, properly denied for simply being late. Hahn v. Becker, 588 F.2d 768, 771 (7th Cir. 1979). If it is construed as a motion authorized under Rule 60(b), Federal Rules of Civil Procedure, it was also properly denied for being untimely and for being without merit. Steinhoff v. Harris, 698 F.2d 270 (6th Cir. 1983); United States v. Work Wear Corp., 602 F.2d 110, 114 (6th Cir. 1979). Finally, to the extent the motion sought to raise matters regarding the plaintiffs' bankruptcy proceedings, the motion was barred under the doctrine of collateral estoppel because this Court has already affirmed the dismissal of the bankruptcy proceedings in cases numbered 82-1308 and 82-1407. Montana v. United States, 440 U.S. 147, 153-54 (1979).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The appeal is, accordingly, hereby dismissed for being frivolous pursuant to Rule 9(d)(2), Rules of the Sixth Circuit. Costs are assessed against plaintiffs-appellants.