Hollis **KEENER**, Jr., Appellant,

v.

John W. **KARR**, et al., Appellees.

No. 87–49.

District of Columbia Court of Appeals.

July 27, 1987.

Dale Edwin Sanders, Alexandria, Va., for appellant.

Philip J. Hirschkop, Alexandria, Va., for appellees.

Before MACK, NEWMAN and ROGERS, Associate Judges, in Chambers.

PER CURIAM:

The question presented for decision in this appeal is whether a party desiring to challenge the quantum of a jury verdict on appeal, must first obtain a ruling from the trial court on a motion challenging the verdict on that ground. We answer the question in the affirmative. Since Keener did

---

not do so, we dismiss his appeal for lack of jurisdiction.

Keener brought an action against Karr and Lyons, partners in the practice of law, for legal malpractice. Upon conclusion of a jury trial, the jury returned a verdict in favor of Keener, in the amount of $1.00. Keener appeals from the judgment, claiming that the damages awarded by the jury were inadequate as a matter of law. Karr and Lyons move to dismiss this appeal contending that this court is without subject matter jurisdiction to entertain this appeal because a party challenging the quantum of a damage award must first file a motion for a new trial in the Superior Court.

This court has not addressed the issue of whether, as a jurisdictional matter, a party seeking relief from a verdict on the ground that the damages awarded by the verdict are inadequate or excessive, first must move for a new trial in the trial court before appealing the issue to this court. However, our cases which have reviewed the adequacy of a damage award all stem procedurally from a trial court order denying or granting a new trial. *See, e.g., Barron v. District of Columbia*, 494 A.2d 663, 664–65 (D.C.1985) (in reviewing denial of motion for new trial on basis that verdict inadequate, court of appeals will reverse only when the amount of award evidences prejudice, passion or partiality on part of jury or where verdict is oversight, mistake or consideration of improper element); *Romer v. District of Columbia*, 449 A.2d 1097, 1099 (D.C.1982) (same); *Hughes v. Pender*, 391 A.2d 259, 263 (D.C.1978) (same).

United States Courts of Appeal that have addressed the issue have held that where relief from a verdict is desired on the ground that the damages awarded by the verdict are inadequate or excessive, a motion for a new trial is necessary to raise these matters and preserve them for appeal. *See, e.g., Young v. Langley*, 793 F.2d 792, 794 (6th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986) (motion for new trial must be made to trial court if party desires to attack on appeal a judgment in jury case on ground that damages are inadequate); *DeWitt v. Brown*, 669 F.2d 516, 525 (8th Cir.1982) (same); *Hahn v. Becker*, 588 F.2d 768, 771 (7th Cir.1979) (same); *Calcagni v. Hudson Waterways Corp.*, 603 F.2d 1049, 1051–52 (2nd Cir.1979) (same).

In *Ryen v. Owens*, 144 U.S.App.D.C. 332, 446 F.2d 1333 (1971), the U.S. Court of Appeals for this circuit held that the adequacy of a damages award cannot be challenged on appeal by a disappointed plaintiff, absent presentation of the question to the trial court through a motion for a new trial. The court explained the rationale for its holding in this fashion:

> The rule is now well established that the trial judge has the chief responsibility for passing on the question as to whether a new trial is to be granted on the ground of excessive or inadequate damages, subject to only the most limited appellate review.... The trial judge must, as a result, be given an opportunity to exercise his discretion. For this reason, a motion for a new trial *must* be made to the trial court if a party desires to attack on appeal a judgment in a jury case on the ground that the damages are inadequate.

*Id.*, 144 U.S.App.D.C. at 333, 446 F.2d at 1334 (citations omitted) (emphasis supplied). The court accordingly concluded that because "[t]he trial court never had the opportunity to pass on the [inadequacy of damages] claim" due to plaintiffs' failure to move for a new trial, the plaintiffs "cannot challenge on appeal the adequacy of the damages awarded" to them. *Id.* at 334, 446 F.2d at 1335.

Inasmuch as the *Ryen* court and the other federal courts were construing federal rules virtually identical to our local counterparts, we find these decisions persuasive and follow them. Since no motion for relief was filed in the trial court, we dismiss this appeal for lack of jurisdiction.