906 F.2d 658
 17 Fed.R.Serv.3d 564
 Thomas M. PARKES, an individual, Plaintiff-Appellant,
v.
Mary E. HALL, an individual, Ansley Hall, Jr., an
individual, Defendants-Appellees.
Thomas M. PARKES, an individual, Plaintiff-Appellant,
v.
Mary E. HALL, an individual, Ansley Hall, Jr., an
individual, Defendants-Appellees.
 Nos. 89-3242, 89-3303.
 United States Court of Appeals,
Eleventh Circuit.
 July 24, 1990.
 
 Michael J. Dewberry, Christopher C. Hazelip, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., for plaintiff-appellant.
 Robert A. Cole, Cole, Stone & Whitaker, P.A., Jacksonville, Fla., for defendants-appellees.
 Appeals from the United States District Court for the Middle District of Florida.
 Before TJOFLAT, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This diversity case arose out of an injury suffered by plaintiff, Thomas M. Parkes, while riding as a passenger in an automobile driven by defendant, Mary E. Hall, and owned by her father, defendant Ansley Hall, Jr. Appellant Parkes raises two issues on appeal. First, he argues that the evidence is insufficient to support the jury's finding of comparative negligence. After a careful review of the record, we conclude that there was sufficient evidence to support the verdict. We reject this argument without further discussion.[1]
 
 
 2
 Parkes' second challenge on appeal is that the district court erroneously interpreted Fed.R.Civ.P. 68.[2] Defendants served a timely offer of judgment pursuant to Rule 68. The offer was not accepted by Parkes, and the case went to trial before the jury. Although judgment was in favor of Parkes, it was not more favorable than the offer. Thus, the cost-shifting provisions of Rule 68 were triggered, and Parkes was obligated to pay the costs incurred after the offer was made. The parties agree that the district court awarded costs in favor of defendants in addition to the costs provided for in 28 U.S.C. Sec. 1920. The issue on appeal, as framed by the parties, is whether or not the cost-shifting authorized by Rule 68 in this case is limited to the costs provided for by statute. We agree with Parkes that the district court erred in assessing costs; thus, we vacate and remand as to this issue.
 
 
 3
 The Supreme Court has noted that Congress, in 28 U.S.C. Sec. 1920,[3] et seq., comprehensively addressed the matter and imposed "rigid controls on cost-shifting in federal courts." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987) (relying upon Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). The Supreme Court in Crawford rejected the argument that Fed.R.Civ.P. 54(d)[4] represented an additional grant of discretion to federal courts to determine what costs may be shifted. Rather, the Court held that 28 U.S.C. Sec. 1920 defines the costs which may be allowed to the prevailing party under Fed.R.Civ.P. 54(d), that 28 U.S.C. Sec. 1821 sets a $30 per day limit on witness fees referred to in 28 U.S.C. Sec. 1920(3), and that Rule 54(d) merely granted district courts discretion to decline to tax costs. "[A]bsent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. Sec. 1821 and Sec. 1920." Crawford, 482 U.S. at 445, 107 S.Ct. at 2499.
 
 
 4
 In Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court addressed a Rule 68 issue similar to the one now before this court. In Marek, the defendant had made a Rule 68 offer of judgment. The plaintiff's ultimate recovery was less favorable than the offer, so that plaintiff was required to bear costs incurred after the offer. The case was one brought under 42 U.S.C. Sec. 1988. The issue was whether plaintiff's attorney's fees were "costs" under Rule 68, so as to bar plaintiff's recovery of attorney's fees incurred subsequent to the Rule 68 offer. The Supreme Court held that plaintiff's attorney's fees under Sec. 1988 were expressly allowable "as part of the costs," and thus were subject to the cost-shifting provisions of Rule 68.
 
 
 5
 The rule we derive from the foregoing cases is that the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. Sec. 1920, unless the substantive law applicable to the particular cause of action expands the general Sec. 1920 definition. Our holding is consistent with previous decisions of this Court in related contexts. See Glenn v. General Motors Corp., 841 F.2d 1567, 1574-75 (11th Cir.1988) (although the Equal Pay act shifts to a losing defendant the burden of paying plaintiff's attorney's fees, the statute does not operate to shift witness fees because the statute does not refer explicitly to witness fees, as is required by Crawford Fitting; therefore, the district court could award expert witness fees only in the amount allowed by Sec. 1920); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir.1985) ("Federal courts that award attorney's fees, unless statutorily prescribed, follow the 'American Rule' as set out in Alyeska.... There, the Court stated the general rule that, absent a specific provision of Congress, a litigant may not recover attorney's fees."). Accord Zackaroff v. Koch Transfer Co., 862 F.2d 1263, 1265 (6th Cir.1988) (Rule 68 does not shift burden of paying attorney's fees unless the underlying statute under which the action was brought provides for such fees).
 
 
 6
 See also Denny v. Westfield State College, 880 F.2d 1465, 1471 (1st Cir.1989) (Title VII does not explicitly authorize recovery of witness fees, so recovery is limited to Sec. 1920's $30-per-day cap); Tiedel v. Northwestern Michigan College, 865 F.2d 88 (6th Cir.1988) (local rule authorizing district court to award attorney's fees as part of a pretrial mediation scheme is contrary to the intent of Rule 68, as interpreted by Crawford, Marek, and Alyeska); Leroy v. City of Houston, 831 F.2d 576, 584 (5th Cir.1987) (Voting Rights Act does not specifically allow recovery of expert witness fees, so the district court erred in awarding such costs in excess of the standard per diem).
 
 
 7
 In this case, the defendants have pointed to no authority applicable to this case expanding the scope of costs enumerated in Sec. 1920.[5] Accordingly, the judgment of the district court with respect to costs is vacated and the case is remanded with instructions to limit the costs shifted to Parkes under Rule 68 to those enumerated in 28 U.S.C. Sec. 1920.
 
 
 8
 The judgment of the district court with respect to costs is vacated and remanded as aforesaid, and in all other respects the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 [1]
 Parkes also seems to argue that a new trial is required because the jury was confused about the concept of comparative negligence. We also reject this argument. The jury was properly charged and our reading of the record does not persuade us that the jury was confused
 
 
 [2]
 Fed.R.Civ.P. 68 provides, in relevant part:
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
 
 
 [3]
 28 U.S.C. Sec. 1920 provides:
 A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
 A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
 
 
 [4]
 Fed.R.Civ.P. 54(d) provides:
 Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.
 
 
 [5]
 In a diversity case such as this, the applicable state law may provide for attorney's fees or other items to be taxed as costs. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. at 259 n. 31, 95 S.Ct. at 1622 n. 31. In this case, defendants pointed to no relevant state law either in the district court or on appeal