(Slip Opinion) OCTOBER TERM, 2008 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## KANSAS *v.* COLORADO

### ON EXCEPTION TO REPORT OF SPECIAL MASTER

No. 105, Orig.   Argued December 1, 2008—Decided March 9, 2009

Kansas has filed an exception to the Special Master's Fifth and Final Report in this action concerning the Arkansas River, contending that the Special Master erred in concluding that 28 U. S. C. §1821(b), which sets the witness attendance fee for a proceeding in "any court of the United States" at $40 per day, applies to cases within this Court's original jurisdiction. This determination led to an award considerably lower than the amount that Kansas, as the prevailing party, would have received under its alternative calculation.

*Held:* Expert witness attendance fees that are available in cases brought under this Court's original jurisdiction shall be the same as the expert witness attendance fees that would be available in a district court under §1821(b). Kansas contends that Congress has never attempted to regulate a prevailing party's recovery of expert witness fees in a case brought under this Court's original jurisdiction, that Article III of the Constitution would not permit Congress to impose such a restriction, and thus, that the holding in *Crawford Fitting Co.* v. *J. T. Gibbons, Inc.*, 482 U. S. 437, 444—that district courts must adhere to §1821(b)'s witness attendance fee limitations—is not relevant here. Assuming that Kansas' interpretation is correct and that this Court has discretion to determine the fees that are recoverable in original actions, it is nevertheless appropriate to follow §1821(b). Congress' decision not to permit a prevailing party in the lower courts to recover its actual witness fee expenses departs only slightly from the "American Rule," under which parties generally bear their own expenses. There is no good reason why the rule for recovering expert witness fees should differ markedly depending on whether a case is originally brought in district court or this Court. District-court cases may be no less complex than those brought originally in this Court. And while the parties in original cases may incur sub-

Syllabus

stantial expert costs, as happened here, the same is frequently true in lower court litigation. Thus, assuming that the matter is left entirely to this Court's discretion, the best approach is to have a uniform rule that applies in all federal cases. Pp. 3–5.

Exception overruled.

ALITO, J., delivered the opinion for a unanimous Court. ROBERTS, C. J., filed a concurring opinion, in which SOUTER, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports.  Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 105, Orig.

## STATE OF KANSAS, PLAINTIFF *v.* STATE OF COLORADO

### ON EXCEPTION TO REPORT OF SPECIAL MASTER

[March 9, 2009]

JUSTICE ALITO delivered the opinion of the Court.

This is the latest in a line of contested matters that have come before us in this action that was brought in this Court by the State of Kansas against the State of Colorado concerning the Arkansas River.  The Special Master has filed a Fifth and Final Report that includes a proposed judgment and decree, and Kansas has filed an exception to the Report, contending that the Special Master erred in concluding that 28 U. S. C. §1821, which sets the witness attendance fee for a proceeding in "any court of the United States" at $40 per day, applies to cases within this Court's original jurisdiction.  Assuming for the sake of argument that Kansas is correct in its interpretation of the statutes at issue in this matter and that this Court has the author- ity to determine the amount that Kansas should recover in expert witness fees, we hold that the fee set out in §1821 is nevertheless the appropriate fee.  Accordingly, we overrule Kansas' exception and approve the entry of the proposed judgment and decree.

I

Kansas filed this original action in 1985, claiming that Colorado had violated the Arkansas River Compact (Com-

pact),[1] 63 Stat. 145, by drilling irrigation wells that de-
pleted water that should have been available for users in
Kansas. In 1995, we accepted the recommendation of the
Special Master that Colorado's wells had violated the
Compact, and we remanded for further proceedings to
determine appropriate remedies. See *Kansas* v. *Colorado*,
514 U. S. 673. The Special Master then recommended
that monetary damages be awarded as compensation. In
2001, we accepted all but one of the Special Master's
recommendations, modifying the remaining recommenda-
tion with respect to the starting date for an award of
prejudgment interest. See *Kansas* v. *Colorado*, 533 U. S.
1. In 2004, we approved additional recommendations by
the Special Master,[2] and the case was again remanded.
See *Kansas* v. *Colorado*, 543 U. S. 86.

On remand, the Special Master approved a schedule to
resolve remaining disputed issues. Consistent with our
guidance, experts for the States were assigned greater
responsibility for discussing and resolving issues. Because
of the contributions of expert witnesses and the use of the
Hydrologic-Institutional Model to determine compliance
with the Compact, the parties resolved most of the dis-
puted issues. See *id.*, at 89.

The sole remaining issue concerns Kansas' application
for expert witness fees. After the Special Master deter-
mined that Kansas was the prevailing party for purposes

---

[1] The Compact, which was approved by negotiators for the States of
Kansas and Colorado in 1948, allows post-Compact development in
Colorado provided that such development does not cause material
depletions of usable stateline flows.

[2] The recommendations we approved in 2004 were: (1) that the Court
not appoint a River Master; (2) that the amount of prejudgment inter-
est be set; (3) that calculations regarding river depletions be made on a
10-year basis in order to even out possible inaccuracies in computer
modeling; and (4) that a Colorado Water Court be given the authority to
make certain determinations relevant to continuing implementation of
agreements reached through this litigation

of awarding "costs," Kansas submitted two alternative proposals for calculating the amount that it was entitled to recover for the costs it had incurred in retaining expert witnesses. The first proposal, which Kansas advocated, was based on the assumption that these fees were not limited by the $40 per day attendance fee set out in §1821(b) and called for an award of $9,214,727.81 in expert witness fees. The other calculation, which was based on the assumption that §1821(b) did apply, calculated the amount that Kansas was entitled to recover for expert witness fees at $162,927.94.

After hearing argument, the Special Master held that §1821 applies in cases within our original jurisdiction. Based on this holding, the two States entered into a cost settlement agreement that provided for total witness costs of $199,577.19 but preserved the right of the States to file exceptions to the Special Master's rulings on legal issues regarding costs.

## II

Kansas argues that the Special Master erred in holding that §1821(b) applies to cases within our original jurisdiction. Kansas contends that early statutes governing the award of costs in cases in the lower courts did not apply to this Court's original cases and that this scheme has been carried forward to the present day. Kansas notes that the statutory provision authorizing the taxation of costs, 28 U. S. C. §1920, authorizes "[a] judge or clerk of any court of the United States" to tax as costs "[f]ees . . . for . . . witnesses" and that the definition of the term "judge . . . of the United States," as used in Title 28, does not include a Justice of this Court. In Kansas' view, §1911, which provides that "[t]he Supreme Court may fix the fees to be charged by its clerk," manifests Congress' understanding that we should have the authority to determine the fees that may be recovered by a prevailing party in a case

brought under our original jurisdiction. Kansas further
maintains that "[e]ven if Congress had intended to regu-
late taxation of costs in the original jurisdiction of this
Court, such an act would be subject to the Court's ultimate
authority to regulate procedure within its constitutionally
created original jurisdiction." Kansas' Exception and Brief
10. Kansas therefore contends that our holding in *Craw-
ford Fitting Co.* v. *J. T. Gibbons, Inc.*, 482 U. S. 437, 444
(1987), that district courts must adhere to the witness
attendance fee limitations set forth in §1821(b), is not
relevant here.

Colorado disagrees. Citing our decision in *Crawford
Fitting*, Colorado argues that the $40 per day witness
attendance fee limitation of §1821(b) applies not only to
cases in the district courts but also to our original cases.
Colorado notes that §1821(a)(1) prescribes the witness
attendance fee for a proceeding in "any court of the United
States" and that §1821(a)(2) defines the term "'court of the
United States'" to include this Court. Colorado also con-
tends that there is no precedent to support the argument
that the Constitution prohibits Congress from imposing a
limit on expert witness fees in cases within our original
jurisdiction, and Colorado sees no justification for an
award of costs for expert witness fees in excess of the limit
in §1821(b).

## III

We find it unnecessary to decide whether Congress has
attempted to regulate the recovery of expert witness fees
by a prevailing party in a case brought under our original
jurisdiction. Nor do we decide whether Kansas is correct
in contending that Article III of the Constitution does not
permit Congress to impose such a restriction. Assuming
for the sake of argument that Kansas is correct in arguing
that we have the discretion to determine the fees that are
recoverable in original actions, we conclude that it is

nevertheless appropriate to follow §1821(b).

Congress' decision not to permit a prevailing party in the lower courts to recover its actual witness fee expenses may be seen as a decision to depart only slightly from the so-called "American Rule," under which parties generally bear their own expenses. See *Alyeska Pipeline Service Co.* v. *Wilderness Society*, 421 U. S. 240 (1975) (the American Rule applies not only to attorney's fees but also other costs of litigation, including expert witness fees and miscellaneous costs such as transcripts and duplication). While this policy choice is debatable, we see no good reason why the rule regarding the recovery of expert witness fees should differ markedly depending on whether a case is originally brought in a district court or in this Court. Many cases brought in the district courts are no less complex than those brought originally in this Court. And while the parties in our original cases sometimes are required to incur very substantial expert costs, as happened in the present case, the same is frequently true in lower court litigation. Thus, assuming for the sake of argument that the matter is left entirely to our discretion, we conclude that the best approach is to have a uniform rule that applies in all federal cases.

We therefore hold that the expert witness attendance fees that are available in cases brought under our original jurisdiction shall be the same as the expert witness attendance fees that would be available in a district court under §1821(b). We thus overrule Kansas' exception to the Report of the Special Master.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 105, Orig.

## STATE OF KANSAS, PLAINTIFF *v.* STATE OF COLORADO

### ON EXCEPTION TO REPORT OF SPECIAL MASTER

[March 9, 2009]

CHIEF JUSTICE ROBERTS, with whom JUSTICE SOUTER joins, concurring.

I join the opinion of the Court in full. I do so only, however, because the opinion expressly and carefully makes clear that it in no way infringes this Court's authority to decide on its own, in original cases, whether there should be witness fees and what they should be.

Our appellate jurisdiction is, under the Constitution, subject to "such Exceptions, and . . . such Regulations as the Congress shall make." Art. III, §2. Our original jurisdiction is not. The Framers presumably "act[ed] intentionally and purposely in the disparate inclusion or exclusion" of these terms. *INS* v. *Cardoza-Fonseca*, 480 U. S. 421, 432 (1987) (internal quotation marks omitted).

It is accordingly our responsibility to determine matters related to our original jurisdiction, including the availability and amount of witness fees. For the reasons given by the Court, I agree that $40 is a reasonable choice for the fees at issue here. But the choice is ours.