Richard UPTON, Appellant/Cross–Appellee,

v.

David Rodman HENDERER, Appellee/Cross–Appellant.

Nos. 07–CV–456, 07–CV–966.

District of Columbia Court of Appeals.

Argued March 5, 2009.

Decided April 9, 2009.

Peter N. Mann, Washington, for appellant/cross-appellee.

Timothy E. Howie, Beltsville, MD, for appellee/cross-appellant.

Before RUIZ and FISHER, Associate Judges, and FARRELL, Senior Judge.

FARRELL, Senior Judge:

In this lawsuit for damages resulting from an automobile accident, plaintiff-appellant Upton challenges the pretrial order of the trial judge excluding evidence of claimed lost wages, and seeks a new trial after the jury denied him damages for

personal injury.[1] Defendant (and cross-appellant) Henderer in turn contests the judge's refusal to award him expert witness fees as costs under Superior Court Rule of Civil Procedure 68. We affirm in all respects, publishing this opinion only to explain our agreement with the trial judge that witness fees beyond those provided in 28 U.S.C. § 1821 may not be awarded under Rule 68.

## I.

Upton and Henderer were involved in a car accident on Connecticut Avenue, N.W. After Upton sued for negligence, Henderer offered him a judgment of $10,000 under Rule 68, which Upton rejected. At trial Henderer admitted negligence and the only issues put to the jury were whether his conduct had proximately caused injuries to Upton, and if so, the amount of damages to be awarded. Since the parties stipulated to $2,000 worth of damage to Upton's car, the judge directed a verdict for Upton to that extent. The judge further treated as unopposed, and granted, Henderer's *in limine* motion to exclude evidence of purported wage losses by Upton. Following a trial in which competing medical experts opined on whether the accident had aggravated Upton's pre-existing back malady, the jury found that Upton had not met his burden of proof on causation and awarded him nothing. Henderer then moved for costs including fees paid to his expert witnesses, in light of his earlier offer of judgment exceeding Upton's recovery. The judge denied him witness fees except to the extent provided by 28 U.S.C. § 1821(b), relying chiefly on this court's decision in *Talley v. Varma,* 689 A.2d 547 (D.C.1997), which had imposed the same limit on witness fees sought as

costs under Super. Ct. R. Civ. P. 54. Henderer thus received witness fees of $40 per day and travel expenses for each of his expert witnesses.

## II.

Upton's twin challenges to the exclusion of wage-loss evidence and the jury's refusal to award him damages may be dealt with briefly, beginning with the latter. When, as here, a party seeks a new trial because the damage award is against the weight of the evidence, we will reverse only (a) if the amount—or absence—of an award "evidences prejudice, passion, or partiality on the part of the jury[,]" (b) "where the verdict appears to be an oversight [or] mistake, or [to rest on] consideration of an improper element," or (c) where "the award is contrary to all reason." *Barron v. District of Columbia,* 494 A.2d 663, 665 (D.C.1985) (quoting *Romer v. District of Columbia,* 449 A.2d 1097, 1099 (D.C.1982)). Upton, however, confronts a threshold hurdle because he did not move for a new trial challenging the jury's verdict. "This court will not review a verdict for inadequate or excessive damages unless such arguments were made to the trial court in post-trial motions." *Oliver v. Mustafa,* 929 A.2d 873, 879 (D.C.2007). In *Keener v. Karr,* 528 A.2d 1236 (D.C.1987), we explained why:

[T]he trial judge has the chief responsibility for passing on the question as to whether a new trial is to be granted on the ground of excessive or inadequate damages, subject to only the most limited review.... The trial judge *must,* as a result, be given an opportunity to exercise his discretion.

---

**1.** As we point out shortly, the trial judge directed a verdict of $2,000 in Upton's favor for damage to his car.

*Id.* at 1237 (quoting with approval *Ryen v. Owens,* 144 U.S.App. D.C. 332, 333, 446 F.2d 1333, 1334 (1971) (emphasis added)). Thus, we would only speculate by asking whether the judge abused discretion Upton never invoked in not granting a new trial here. Moreover, the weighty expert medical testimony Henderer presented disputing any causal link between the car accident and personal injury to Upton, even by way of aggravation, makes it impossible for us to say that the verdict was "contrary to all reason." *Barron, supra,* 494 A.2d at 665 (quoting *Romer, supra,* 449 A.2d at 1099).[2]

Because the jury's finding of no causation is unassailable on appeal, we do not reach Upton's challenge to the exclusion of evidence of lost wages. At oral argument, he suggested that the jury might have been more receptive to his evidence of causation had it learned that he earned no wages in the aftermath of the accident, but we do not see how this can be so. As he concedes, the jury heard—and implicitly discounted—the evidence he provided that he had worked strenuously to build his security and safe-repair business in the years just before the accident (though taking no salary), but was sidelined entirely and could earn nothing after the accident.

Merely learning the price-tag Upton put on his post-accident inability to work could not reasonably have affected the jury's unwillingness to find the necessary causal connection.[3]

On this record, in sum, there is no reason to disturb the jury's verdict and the antecedent ruling on lost wages.

### III.

██  In his cross-appeal, Henderer urges us to hold that compensation for the time and work of expert witnesses is an awardable "cost" under Super. Ct. R. Civ. P. 68.[4] He maintains that, if all a defendant who has offered judgment may recover in witness fees is the nominal amount set forth in 28 U.S.C. § 1821(b) (*i.e.,* $40 per day per witness and travel expenses), then Rule 68 is effectively a dead letter, contrary to its avowed purpose "to penalize prevailing plaintiffs who had rejected reasonable settlement offers." *Nichols v. First Union Nat'l Bank,* 905 A.2d 268, 275 (D.C.2006) (quoting *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 358, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) (italics deleted)). For the reasons that follow, we agree with the trial judge's rejection of that position.

---

**2.** Upton did not object to testimony by Dr. Chilton which he asserts inflamed the jury by suggesting that appellant had feigned injury. This failure to preserve aside, Dr. Chilton conceded that Upton "has real pain" and that he had "no reason to believe that Mr. Upton was lying to me" in his medical evaluation. All the doctor said by way of "inflaming" was that some of Upton's complaints of back pain were not anatomically justified and that, from his examination and review of records, he did not believe the accident had exacerbated the plaintiff's pre-existing spinal stenosis.

**3.** Moreover, Upton did not oppose Henderer's pretrial motion to exclude evidence of lost wages, and the judge's order of exclusion therefore treated the motion as conceded. *See, e.g., Chapman v. Norwind,* 653 A.2d 383,

386 (D.C.1995) (citing Super. Ct. R. Civ. P. 12–I(e) and noting that a party's "failure to oppose the motion to dismiss might have furnished an independent ground for affirming the court's ruling on that issue").

**4.** As relevant here, Rule 68 provides:

[A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party ... to the effect specified in the offer.... An offer not accepted shall be deemed withdrawn.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must pay the costs* incurred after the making of the offer. (Emphasis added.)

Although Rule 68 does not define "costs," we have recognized that "[c]osts, as used to refer to those items a prevailing party is entitled to recover as a matter of course, ... mean something less than a litigant's total expenses in connection with the suit." *Robinson v. Howard Univ.*, 455 A.2d 1363, 1368 (D.C.1983). Specifically, the court in *Talley v. Varma, supra,* and *Harris v. Sears Roebuck & Co.*, 695 A.2d 108 (D.C.1997), held that the federal statutory limits in 28 U.S.C. §§ 1821 and 1920 limit the expert witness fees awardable to a prevailing party under Super. Ct. R. Civ. P. 54 and 54–I. We quote the analysis in *Talley* because of its relevance here:

> [This court] correctly looks to the federal courts for guidance on this issue[, for] ... federal cases interpreting Fed. R.Civ.P. 54 are persuasive when we interpret Super. Ct. Civ. R. 54. In addition, various provisions of the D.C.Code dealing with witnesses incorporate 28 U.S.C. §§ 1821 and 1920. *See* D.C.Code §§ 11–743, 11–946, 15–714(b).... In 1987, the Supreme Court held in *Crawford Fitting Co. [v. J.T. Gibbons, Inc.]*, 482 U.S. [437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)], that 28 U.S.C. § 1821(b) limits a court's authority to shift witness fees, as provided in 28 U.S.C. [§ ] 1920(3), to the statutory amount in the absence of express legislation to the contrary.... [T]he federal statutory limit [thus] applies [as well] to expert witness fees provided for under Super. Ct. Civ. R. 54 and 54–I.

*Talley*, 689 A.2d at 557 (internal citations partly omitted); *see also Harris, supra,* 695 A.2d at 111.[5]

The issue before us, then, is whether to extend this analysis to Rule 68. If we do so, and there being no statutory basis for a different result, Henderer could be awarded only those witness fees the defendant was entitled to in *Talley*. We are persuaded that "costs" should mean the same thing under both rules.

First, in *Delta Air Lines, supra,* the Supreme Court recognized an intrinsic link between Federal Rules 68 and 54, explaining that the purpose of Rule 68 is to make the plaintiff weigh the risk of losing the benefit of recovering his costs under Rule 54(d):

> Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer. Because costs are usually assessed against the losing party, liability for costs is a normal incident of defeat.

450 U.S. at 352, 101 S.Ct. 1146. Nothing the Court said there implied that costs beyond those authorized by Rule 54(d)

---

5. Just recently, the Supreme Court applied the 28 U.S.C. §§ 1821(b) and 1920 limits in an original jurisdiction matter, explaining that Congress' decision not to permit a prevailing party in the lower courts to recover its actual witness fee expenses may be seen as a decision to depart only slightly from the so-called "American Rule," under which parties generally bear their own expenses. *Kansas v. Colorado*, —— U.S. ——, ——, 129 S.Ct. 1294, 1295, 173 L.Ed.2d 245 (2009). Parenthetically, this court has found authority to award costs on appeal under (former) D.C.App. R. 39, not under custom, practice or usage, but rather through incorporation of 28 U.S.C. § 1920 in the District of Columbia Reorganization Act. *See Dillard v. Yeldell*, 334 A.2d 578, 580 (D.C.1975).

must be awardable to make Rule 68's "inducement to settle" meaningful.

■ Further, federal cases do not support construing Rule 68 more generously than Rule 54(d) in regard to costs such as witness fees. *See Davis v. Abbuhl,* 461 A.2d 473, 476 n. 6 (D.C.1983) (as federal and local Rules 68 "are identical, we may look to federal court decisions as persuasive authority in interpreting our rule") (citing *Vale Properties, Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 13 n. 3 (D.C. 1981)).[6] Rather, after the *Crawford Fitting* decision, most federal courts have refused to award costs under Rule 68 that are not authorized by 28 U.S.C. §§ 1821 and 1920. *See, e.g., Sea Coast Foods v. Lu–Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1060 (9th Cir.2001) ("While [appellant] is of the opinion that 'costs' [under Rule 68] means anything it expended, the law is that … [it] can only recover 'costs' properly awardable under the relevant substantive statute.") (citing 28 U.S.C. § 1920)); *Parkes v. Hall,* 906 F.2d 658, 660 (11th Cir.1990) (noting that "costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920 …."); *Hedru v. Metro–North Commuter R.R.,* 433 F.Supp.2d 358, 360 (S.D.N.Y.2006); *Thomas v. Caudill,* 150 F.R.D. 147, 149 (N.D.Ind.1993) (noting that costs under Rule 68 has the same meaning as costs under Rule 54); 7 MOORE'S FEDERAL PRACTICE § 68.08 (3d ed.1997) (costs under Rule 68 are those normally awarded under Rule 54); 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER & RICHARD L. MARCUS FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 3006, at 121 (1997) (same).

There is arguable contrary language by courts which have said, without explanation, that Rule 68 may require the plaintiff to pay "all costs" the defendant incurs following rejection of a settlement offer. *See Pouillon v. Little,* 326 F.3d 713, 719 (6th Cir.2003) (noting that Rule 68 requires the plaintiff to pay "all costs incurred by both sides after the date of the offer"); *Tunison v. Cont'l Airlines Corp., Inc.,* 333 U.S.App. D.C. 280, 286, 162 F.3d 1187, 1193 (1998) (referencing "all costs"); *Lentomyynti Oy v. Medivac, Inc.,* 997 F.2d 364, 375 (7th Cir.1993) (same). But because these decisions do not explore the meaning of costs under the rule, their references to "all costs" do not convince us that those courts were referring to anything but costs "properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *see Sea Coast, supra,* 260 F.3d at 1060 (same). In any case, we agree with the preponderant authority holding that the statutory limits in 28 U.S.C. §§ 1821 and 1920 apply to Rule 68.

Favoring this conclusion are considerations of equal treatment. At oral argument, Henderer could offer no principle

---

**6.** As Henderer points out, the court in *Davis* did uphold an award of costs under Rule 68 that included fees paid to an expert witness. *See Davis, supra,* 461 A.2d at 477 n. 7. But the issue of whether these particular costs were authorized by the rule was not before the court. Rather, the appellant's sole argument was that Rule 68 did not apply at all in the circumstances of the case, *see id.* at 476, an argument the court rejected. "The rule of stare decisis is never properly invoked unless in the decision put forward as precedent the judicial mind has been applied to and passed upon the precise question." *District of Columbia v. Sierra Club,* 670 A.2d 354, 360 (D.C.1996) (citations omitted). Nor is the published Superior Court opinion Henderer cites persuasive, as it was decided before our decision in *Talley, supra,* and does not survive our analysis today reading "costs" identically under the two rules. *See Polk–Burriss v. Garrett,* 122 Daily Wash. L. Rptr. 373 (D.C.Super.Ct. Feb. 28, 1994).

that would make expert witness fees recoverable under Rule 68 but not also, for example, attorney's fees or indeed any other costs the offeror incurs after settlement has been rejected. Beyond the inconsistency this betrays with the rule, noted earlier, that costs generally do not include all of a litigant's expenses, *Robinson, supra,* 455 A.2d at 1368, so broad a reading of Rule 68 exposes a prevailing plaintiff who rejects settlement to potentially far greater costs than a losing plaintiff under Rule 54—the more so since costs under the latter rule are discretionary, *see* Rule 54(d), while those under Rule 68 are mandatory ("the offeree must pay the costs incurred.").[7] This differing treatment of a plaintiff such as Upton who prevails compared to one who (after spurning the same offer) loses altogether reinforces our belief that costs should be understood the same under the two rules.

Some commentators have opined that Rule 68, so long as its costs are limited to those recoverable under Rule 54, provides "incentives ... inadequate to achieve the rule's purpose." Danielle M. Shelton, *Rewriting Rule 68: Realizing the Benefits of the Federal Settlement Rule by Injecting Certainty into Offers of Judgment,* 91 MINN. L.REV. 865, 872 (2007) (noting proposals to amend the rule in light of the "widespread belief that the rule is underutilized, unfair, or ineffective"). Of course, that may not be true when an underlying statute permits an award of, for example, attorney's fees, *cf. Marek, supra,* 473 U.S. at 1, 105 S.Ct. 3012 or where, say,

deposition costs have been high in the case at hand. *See* Rule 54–I(b) (costs of depositions "may be taxed at the discretion of the trial court"). In any event, the fact that Henderer incurred expenses greatly exceeding what Upton recovered in the litigation may not dictate the proper reading of Rule 68. If change is needed to the rule to increase settlement incentives, that is the responsibility of others.

*Affirmed.*

---

**7.** *See King v. Rivas,* 555 F.3d 14, 20 (1st Cir.2009) (Rule 68 makes costs "mandatory in favor of defendants where the recovery failed to exceed the offer"); *Sharpe v. Cureton,* 319 F.3d 259, 274 (6th Cir.2003) ("Operation of Rule 68 is mandatory, and [t]he district court retains no discretion under Rule 68 to alter the rule's sometimes severe application.") (internal quotation marks omitted) (citing *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 295 (6th Cir.1989)); *United States v. Trident Seafoods Corp.,* 92 F.3d 855, 859 (9th Cir.1996) (same). In *Delta Air Lines, supra,* we note, the Supreme Court rejected the idea that Rule 68 was meant to have "watershed" significance, "transform[ing]" a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after [an] offer was made." 450 U.S. at 356, 101 S.Ct. 1146.