**Maesimund B. PANOS, Appellant,**

**v.**

**Karl Francis NEFFLEN, Jr., Appellee.**

**No. 3556.**

District of Columbia Court of Appeals.

Argued Oct. 5, 1964.

Decided Dec. 22, 1964.

John J. Leahy, Washington, D. C., for appellant.

Donald J. Caulfield, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

1. D.C.Code 1961, § 40–423.

2. G.S. Rule 54(e).

HOOD, Chief Judge.

Appellant's automobile was struck and damaged by an automobile driven by appellee. Appellant sued for $1,200.16 compensatory damages, $1,000 punitive damages, and $700 attorney's fee. Service of process was obtained on appellee, a nonresident, under our Motor Vehicle Safety Responsibility Act.[1] Appellee's answer admitted the happening of the accident but denied negligence. The answer further asserted that appellee had offered $900 in settlement of the claim, but this offer had been refused by appellant. Thereafter appellant took the deposition of appellee. Some ten months later appellee, in accordance with Rule 68 of the trial court, filed an offer of judgment, offering to allow a judgment against him for $1,050, "together with costs accrued to date." This offer was formally accepted, and judgment for $1,050 and costs was entered for appellant.

Thereafter appellant moved for recovery as taxable costs the amount of the premium on the undertaking filed by him under the Motor Vehicle Safety Responsibility Act, and the cost of taking appellee's deposition. These two items amounted to $52.15. Appellant also filed a certificate of attendance of witnesses.[2] These witnesses did not testify as there was no trial, but apparently some were present in court on a date when the case was continued for trial. The record does not show the amount claimed by appellant for witness fees. The trial court refused to tax as costs any of the above items. This appeal challenges such refusal.[3] We affirm for reasons hereafter stated.

Under the trial court's Rule 54(d) the prevailing party is ordinarily allowed as a matter of course the customary costs, i. e., the costs which have been paid to the

3. Although not shown by the record before us, we understand that the amount of the judgment and the Clerk's costs have been paid.

Clerk and entered on the docket. Other costs such as witness fees,[4] costs of depositions and premiums on bonds,[5] are not allowed as a matter of course, but must be taxed specially by the trial court, and taxation thereof is largely discretionary. It is our view that the offer of judgment together with costs under Rule 68 (based upon Federal Rule of Civil Procedure, 68) contemplated only those ordinary costs then paid to the Clerk. If in accepting the offer appellant intended that his acceptance include not only ordinary costs, but also those special costs which might be taxed, he should have made this clear. The purpose of Rule 68 is to encourage settlements and put an end to litigation, and not to form a basis for further controversy between the parties.

A case in point is Gamlen Chemical Co. v. Dacar Chemical Products Co., 5 F.R.D. 215, 216 (W.D.Pa., 1946). There a plaintiff accepted an offer under Rule 68 and then attempted to have an attorney's fee taxed as part of the costs. The court refused to do so, saying:

> "It is true that when judgment is awarded to the plaintiff in a copyright action an attorney's fee may be awarded as part of the costs, and in fact it may be the general rule to allow it. However, it is not always made a part of the decree, and in the case of an offer under Rule 68, the acceptance of the offer should specifically set forth the claim of it when not made as part of the offer."

Furthermore, it is generally held that no appeal lies from a judgment respecting costs only.[6] This is for the reason that: "Trial courts have large discretion in regard to costs, and it is not the function of appellate courts to substitute their own discretion."[7]

Affirmed.

4. G.S. Rule 54(e).

5. G.S. Rule 54(f).

6. Wetzel v. Ohio, 371 U.S. 62, 83 S.Ct. 111, 9 L.Ed.2d 26 (1962), and cases there cited.

7. Shima v. Brown, 78 U.S.App.D.C. 268, 140 F.2d 337 (1943).