Clarence H. BENNETT et al., Appellants.

v.

Gilbert KIGGINS et al., Appellees.

No. 13109.

District of Columbia Court of Appeals.

Submitted Aug. 1, 1978.

Decided Aug. 10, 1978.

Ellsworth T. Simpson, Washington, D.C., was on the brief, for appellants.

Gail Starling Marshall and Weldon H. Latham, Washington, D.C., were on the brief, for appellees.

Before YEAGLEY, HARRIS and FERREN,* Associate Judges.

PER CURIAM:

Appeal is taken from the December 12, 1977 denial of appellants' Motion for Relief from Judgment. The relief sought by appellants (plaintiffs below) was avoidance of the requirement that they pay appellees (defendants below) court costs of $740.25. Appellees incurred this expense in making copies of depositions taken by appellants.

The underlying case, a suit for fraudulent misrepresentation, was resolved by a summary judgment order entered on August 18, 1975, in appellees' favor. Included in the order was a direction that all costs be assessed against appellants. In October 1975, appellees filed with the Clerk of the Superior Court a Certificate of Service and Notice of Appearance before the Clerk, with an attached Bill of Costs. The certificate notified appellants that costs would be taxed as permitted by Super.Ct.Civ.R. 54(d). The Clerk advised, however, that because appellants had filed a notice of appeal, the actual taxing would await disposition of the appeal. We ultimately upheld the trial court's order. *Bennett v. Kiggins*, D.C.App., 377 A.2d 57 (1977).

* Associate Judge Ferren did not participate in the disposition of this case.

Following disposition of the appeal, appellees requested, on three occasions in October 1977, that appellants pay the costs assessed against them. Each request was in writing and accompanied by a copy of the Bill of Costs. Appellants refused to pay, and moved for relief from that part of the judgment which required them to do so. The trial court denied the motion without a hearing.

■ Appellants urge three grounds for reversal, each of which we reject. The primary thrust of appellants' argument is that copies of depositions have never been construed as taxable costs within the meaning of Super.Ct.Civ.R. 54–I(b).[1] The simple answer is that Rule 54–I(b) does not distinguish between copies and originals, and by its plain language commits such a determination to the discretion of the trial court. Indeed, federal appellate courts have upheld the taxing of copying costs. *Mikel v. Kerr,* 499 F.2d 1178 (10th Cir. 1974); *United States v. Kolesar,* 313 F.2d 835 (5th Cir. 1963). In *Kolesar,* the court held that the cost of copies was taxable if the trial court determined that "all or any part of a copy of any or all of the depositions was 'necessarily obtained for use in the case.'" 313 F.2d at 840. Appellants attempt to distinguish *Kolesar* by arguing that there, copies of the depositions were used at trial for the purpose of cross-examination, while in the instant case the copies were not so utilized. This distinction is irrelevant; it is not actual use at trial but necessity to the preparation of one's case that is dispositive. Here, the trial court must have determined that copies of the depositions aided appellees in pursuing the summary judgment order which disposed of this case at the trial level. It was not an abuse of the trial court's discretion to do so.

■ Appellants contend next that they were not afforded one day's notice for taxing of costs, as is required by Super.Ct. Civ.R. 54(d). Although it is difficult to ascertain from the record on appeal whether the one-day notice requirement was complied with, it is frivolous for appellants to assert that they were not adequately notified of the imminent taxing of costs. The record includes ample communication with respect to this matter between counsel for both sides. Indeed, two years passed from October 1975, when the first notice of taxing was given, until October 1977, when, following disposition of the appeal, the trial court approved the Bill of Costs. We reject this contention.

■ Appellants contend finally, and somewhat incoherently, that they were denied due process of law because they were not afforded a hearing prior to the trial court's taxing of the costs which are the subject of this appeal. The record reflects, as appellees suggest, that the two years between appellants' receipt of the first taxing notice and the trial court's ultimate approval of the Bill of Costs afforded appellants considerable, albeit wasted, opportunity to address this issue. They cannot be heard to realistically complain now. Accordingly, the trial court's denial of the Motion for Relief from Judgment is

*Affirmed.*

---

1. This rule provides: "Costs of depositions . . . may be taxed at the discretion of the trial court."