Jacques CHEVALIER, Appellant,

v.

Barbara MOON, Appellee.

No. 88–1077.

District of Columbia Court of Appeals.

Submitted May 30, 1990.

Decided June 26, 1990.

Jacques Chevalier filed a brief, pro se.

Marc S. Moskowitz, Washington, D.C., filed a motion for summary affirmance, on behalf of appellee.

Before NEWMAN and TERRY, Associate Judges, and MACK, Senior Judge.

TERRY, Associate Judge:

This is an appeal from an order of the trial court in a landlord-tenant proceeding, directing appellant Chevalier to pay attorney's fees to appellee Moon as a sanction under Super.Ct.Civ.R. 11.[1] The trial court ruled that Chevalier's response to Moon's motion for a temporary restraining order was made in bad faith, and that Chevalier had intentionally misrepresented facts to the court at a hearing. We hold that the award of attorney's fees cannot be sustained under Rule 11, but we nevertheless affirm the award on another ground.

I

Chevalier, the landlord, filed a complaint against Moon, the tenant, for possession of her apartment based on Moon's alleged failure to cure numerous lease violations. When Moon failed to appear for trial on May 26, 1988, the court granted a default judgment for possession, and on May 27 a writ of restitution was issued. On June 14 Chevalier went to the apartment, removed the door, and evicted Moon by self-help, putting her and her belongings out on the sidewalk. Later that day, however, after a hearing with both parties present, the court ordered Chevalier to restore Moon to possession forthwith and granted Moon's request for a temporary restraining order, rejecting Chevalier's assertion that Moon had abandoned the apartment. The next day, June 15, the default judgment was vacated, and the writ of restitution was quashed.

On June 21 the court held a hearing on Moon's motion for a preliminary injunction, motion to dismiss the complaint, and request for sanctions under Rule 11. At that hearing Chevalier continued to maintain that Moon had abandoned the premises.

He insisted that he owned the furniture which had been removed from the apartment, and that the only possessions remaining there which belonged to Moon were a few articles of clothing and some dishes. Later, however, Chevalier conceded that his earlier statements, which he had made under oath, were not true, and admitted that most of the property taken from the apartment was not his.

On July 1 the court entered an order permanently enjoining Chevalier from interfering with Moon's quiet enjoyment of the apartment during the remainder of her tenancy. In addition, the court granted Moon's request for sanctions and directed Moon to file an itemized statement of her costs and attorney's fees. In its order, the court, after reciting in detail the testimony of both parties and finding Moon's testimony "wholly credible," ruled that sanctions were warranted under Rule 11 for Chevalier's "bad faith in opposing [Moon's] petition" for a temporary restraining order.[2] Finally, the court granted Moon's motion to dismiss, ruling that the notice to quit was deficient because it contained an incorrect date. A later order fixed the amount of the Rule 11 sanctions at $750.00, which covered expenses incurred by Moon in connection with the June 14 and June 21 proceedings.

## II

Super.Ct.Civ.R. 11 provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and telephone number shall be stated. A party who is not represented by an attorney shall sign a pleading, motion, or other paper and state the party's address, and telephone number if any.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this Rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

The reader will quickly see that Rule 11 deals exclusively with sanctions against a person who signs a "pleading, motion, or other paper." It does not authorize the imposition of sanctions against a party or an attorney unless he or she submits a signed "pleading, motion, or other paper" that violates some provision of the rule. Since the trial court based its award of attorney's fees solely on Chevalier's *oral* representations at the June 14 hearing, we hold that the court erred in imposing sanctions under Rule 11.

---

2. The court went on to explain:

Plaintiff's bad faith was amply demonstrated throughout these proceedings when he finally admitted that he knew that the property which he removed from defendant's apartment belonged to her—at least, he knew that it did not belong to him. Instead of proving that few, if any, of defendant's belongings remained in the apartment, as he testified at first, plaintiff eventually admitted that he knew that most of what he put out on the street was furniture which was not his own.

This admission was underscored by plaintiff's acknowledgment that he knew defendant's case-worker (who had provided the funds to defendant to buy the furniture). Plaintiff's bad faith was also shown when he persistently made irrelevant inflammatory remarks throughout the hearings [giving several examples].... [P]laintiff, as a property owner and landlord, has at least on this occasion knowingly played "fast and loose" with the system, well aware that he was acting far outside the bounds of the law.

"However, as we have held on numerous occasions, this court may affirm a decision for reasons other than those given by the trial court." *Garrett v. Washington Air Compressor Co.*, 466 A.2d 462, 464 n. 5 (D.C.1983) (citations omitted). Under the so-called "American rule," a prevailing litigant may not ordinarily recover attorney's fees when a case is concluded. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141 (1975); *In re Antioch University*, 482 A.2d 133, 136 (D.C.1984). There are, however, a few exceptions to the American rule, one of which is that attorney's fees will be allowed if a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons...." *1901 Wyoming Avenue Cooperative Ass'n v. Lee*, 345 A.2d 456, 465 (D.C.1975); *accord, e.g., F.D. Rich Co. v. United States ex rel. Industrial Lumber Co*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Synanon Foundation, Inc. v. Bernstein*, 517 A.2d 28, 36 (D.C.1986). The purpose of the bad faith exception is to punish abuses of the judicial process and to deter future abuses. *General Federation of Women's Clubs v. Iron Gate Inn, Inc.*, 537 A.2d 1123, 1128 (D.C.1988).

In this case the trial court expressly found that Chevalier had proceeded in bad faith when he opposed Moon's efforts to be restored to possession of her apartment, and that he did so knowing "that he was acting far outside the bounds of the law." Chevalier's misrepresentations at the June 14 hearing led to Moon's filing of a motion for a preliminary injunction and a request for sanctions, and at the hearing on June 21 Chevalier admitted to the court that his previous statements, made under oath, were not true. Moon and her counsel expended time and effort in responding to Chevalier's untruthful assertions, and valuable court time was wasted as a result of Chevalier's conduct in this litigation. It was therefore within the trial court's discretion to punish Chevalier and to strive to deter him from committing future abuses by awarding attorney's fees to Moon. We find no abuse of discretion in the court's

decision. *See Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 38 (D.C.1979).

*Affirmed.*