**Louis A. KLEIMAN, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 89–600.**

District of Columbia Court of Appeals.

Argued Sept. 21, 1990.

Decided Oct. 30, 1990.

Ted Kavrukov, for appellant.

Roger W. Heald, for appellee.

Before NEWMAN, FERREN, and FARRELL, Associate Judges.

FERREN, Associate Judge:

This is an appeal from a trial court order in an insurance contract case requiring appellant Kleiman (1) to pay $632.00 in attorney's fees to appellee Aetna Casualty and Surety Company as a sanction under Super.Ct.Civ.R. 11, and (2) to pay $2,517.40 in costs to Aetna, the prevailing party, under Super.Ct.Civ.R. 54(d) and 54–I(b). The trial court ruled that appellant violated Rule 11 when he verbally opposed Aetna's pre-trial motion to dismiss three of five counts in appellant's amended complaint and subsequently failed to present any evidence to support those counts at trial. The trial court awarded Aetna costs for three depositions which Aetna claimed were prepared for use at trial. We reverse, order the trial court to vacate the Rule 11 sanction, and remand the case for the court to recalculate and award costs in accordance with this opinion.

### I.

In January 1986, Louis Kleiman, the policyholder, sued Aetna for failure to pay on a homeowner's insurance policy. Kleiman had filed a timely claim in December 1984 for loss attributable to theft and property damage—a claim which Aetna rejected.[1] Kleiman filed an amended complaint in December 1986 alleging (1) breach of contract, (2) bad faith or tortious breach of contract, (3) bad faith breach of fiduciary duty, (4) fraud and misrepresentation, and (5) intentional infliction of emotional distress. Upon learning of the lawsuit, Kleiman's ex-wife, Carolyn, moved to intervene. On February 19, 1987, Judge Bowers granted Ms. Kleiman's motion over the objections of her ex-husband.[2]

In November 1987 in response to appellant's amended complaint, Aetna filed a motion for judgment on counts 2, 3, and 4, arguing that the District of Columbia did not recognize these causes of action. Judge Schwelb denied Aetna's motion without prejudice, noting that the motion could be reinstated "at the conclusion of plaintiff's case, when a more detailed evidentiary record exists." Order of Judge Schwelb (December 3, 1987).

At a pre-trial conference on the date of trial, November 14, 1988, Aetna renewed its motion to dismiss counts 2, 3, and 4 of the amended complaint; appellant agreed to dismiss count 3. After completing his case-in-chief, appellant agreed to dismiss the remaining counts (2, 4 and 5) other than the breach of contract claim (count 1). Upon consideration of the evidence, the trial court directed a verdict for defendant on that remaining count.

At the conclusion of trial, Aetna and Ms. Kleiman moved against appellant for costs and for sanctions under Super.Ct.Civ.R. 11. On March 9, 1989 the trial judge held a hearing on these motions. At the hearing, the court asked Aetna's counsel to provide documentation of hours spent defending counts 2, 3, 4, and 5—the four counts Kleiman voluntarily dismissed before and after presentation of his evidence. The court noted, "I don't have any problem with the fact that they [counts 2, 3, 4 and 5] were absolutely totally frivolous." In response, appellant argued that under Rule 11, the Court must look at the reasonable belief of the plaintiff at the time of filing, not at what was actually proved at trial. The court did not directly address this issue. Aetna also asked the court to assess costs for the depositions of Mr. Kleiman, Carolyn Kleiman, and Juanita Montgomery. Appellant objected to paying the cost of Ms. Montgomery's deposition. The court, finding that Ms. Montgomery's testimony was instrumental in verifying purchases that were claimed lost in the theft, overruled the objection.

On April 10, Mr. Kleiman filed a motion to order the intervening plaintiff, Carolyn Kleiman, to pay one-half of the assessable costs. On May 10, the court entered its order granting Aetna costs and Rule 11

---

1. Aetna advanced $15,000 to Kleiman on the day after the alleged burglary. At trial, Aetna counterclaimed to recover these funds but voluntarily dismissed its claim before verdict. Appellant raised for the first time on appeal a challenge to Aetna's status as a prevailing party, arguing that Aetna's withdrawal of the counterclaim made it the losing party for purposes of calculating costs on this issue. Because, however, appellant did not present this argument to the trial court, and, in any event, because the parties agree the costs involved in defending against this counterclaim were *de minimis*, (*i.e.,* either Kleiman did or did not receive the $15,-000 check), we do not consider this issue further.

2. Carolyn Kleiman sought to intervene as plaintiff because she was the named co-insured on the homeowner's policy at issue and because she claimed an unsettled ownership interest in both the real and personal property that was reported stolen or damaged. Mr. Kleiman argued that Ms. Kleiman had little interest in property she left 10 years ago but conceded that he and Ms. Kleiman continued to own the damaged real property as tenants-in-common. Mr. Kleiman subsequently filed a second lawsuit requesting the court to partition the couple's several real estate holdings. The court consolidated the partition suit with Mr. Kleiman's suit against Aetna.

The parties represented at oral argument before this court that the two cases were tried in sequence: first, the claim against Aetna relating primarily to Mr. Kleiman's loss of personal property, then the partition suit evaluating the Kleimans' competing claims over several parcels of real property.

sanctions. In that order, after reciting the history of the case, the court concluded that appellant had violated Rule 11 "in that he persisted in his claims under counts 2, 4 and 5, under circumstances where he presented no evidence in support of these counts in his case in chief." Order of Judge Hannon (May 10, 1990). The court fixed the amount of the sanction at $632.00, relying on Aetna's "affidavit listing time spent and cost to [Aetna] in connection with [Aetna's] preparation of the defense of this action with respect to counts 2, 3, 4 and 5." *Id.* In addition, the court concluded that Aetna, as prevailing party, was entitled to "reasonable costs" for the three depositions, which the Court assessed at $2,517.40. The court denied Mr. Kleiman's motion to order Ms. Kleiman to pay one-half the costs, giving no explanation of its ruling.

## II.

Super.Ct.Civ.R. 11 provides in relevant part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least 1 attorney of record in the attorney's individual name, whose address and telephone number shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

 As we have noted in *Chevalier v. Moon,* 576 A.2d 722, 723 (D.C.1990), "Rule 11 deals exclusively with sanctions against a person who signs a 'pleading, motion, or other paper.'" *Id.* Rule 11 does not apply to oral representations, *id.,* or to the ac-

tions of counsel before and during trial. The affirmative duty imposed on attorneys by Rule 11 is the duty reasonably to inquire into the facts, the law, and the client's purpose *before* signing a "paper." This duty is satisfied upon the filing of a "paper"; the rule does not impose a continuous duty to conform these papers to new discoveries or changed strategies. Under Rule 11, therefore, sanctions are imposed only if reasonable pre-filing inquiry would have disclosed that the pleading, motion, or paper was not well grounded in fact, was not warranted by existing law, or was interposed for an improper purpose. *See Westmoreland v. CBS, Inc.,* 248 U.S.App. D.C. 255, 261, 770 F.2d 1168, 1174 (1985); *Montgomery v. Jimmy's Tire & Auto Center, Inc.,* 566 A.2d 1025, 1028 (D.C.1989). Papers must not be viewed "with 20/20 hindsight." *Id.* at 1029–30. Rather, the trial judge should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed.R.Civ.P. 11, Advisory Committee Note, 97 F.R.D. 165, 199 (1983); *see Jimmy's Tire,* 566 A.2d at 1030.

 In this case, appellant claims the trial court erred in imposing Rule 11 sanctions for appellant's insistence, before trial, on pressing claims which he did not support by evidence at trial. We agree. Nothing in the trial court's order suggests that the trial judge was sanctioning appellant for his failure to inquire into the facts before filing the amended complaint; nor does the court order suggest that the amended complaint was interposed for an improper purpose. Moreover, Judge Schwelb's order denying appellee's motion for judgment on the pleadings is evidence of the reasonableness of appellant's legal position at the time of filing. The trial judge accordingly founded the Rule 11 violation on appellant's verbal reaffirmation of the amended complaint at a pre-trial argument and on his failure to support his claims with trial evidence. Such behavior does not violate Rule 11.[3] While the trial

---

**3.** While a party's failure to introduce evidence at trial may be probative of the party's lack of

pretrial inquiry or improper purpose in filing the complaint in the first place, such behavior is

court has substantial leeway in determining whether a party's behavior rises to the level of a Rule 11 violation, *Stansel v. American Sec. Bank,* 547 A.2d 990, 995–96 (D.C.1988), this room for choice does not authorize the court to impose Rule 11 sanctions against a party for behavior that does not violate some provision of the rule. We therefore order the trial court to vacate its order assessing Rule 11 sanctions against appellant Kleiman.

### III.

 The award of costs to the prevailing party under Super.Ct.Civ.R. 54(d) is "within the trial court's discretion and may only be overturned upon our finding that the exercise of such discretion was an abuse." *Ingber v. Ross,* 479 A.2d 1256, 1265 (D.C.1984) (citation omitted). More specifically, Super.Ct.Civ.R. 54–I(b) permits the court to tax costs for depositions at its discretion. The deposition need not be used at trial; the court must, however, find that the deposition was necessary for case preparation. *Ingber,* 479 A.2d at 1266; *see Bennett v. Kiggins,* 391 A.2d 236, 238 (D.C. 1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 39 (1979). The judge "must determine whether all or any part of a copy of any or all of the deposition was necessarily obtained for use in the case." *United States v. Kolesar,* 313 F.2d 835, 840 (5th Cir.1963).

Appellant argues that the trial court abused its discretion in awarding full deposition costs to Aetna. In particular, he contends the trial court did not adequately determine whether all parts of the three depositions taken as discovery for a consolidated trial were necessary to Aetna's case.[4] We agree. Consolidation of two actions "does not mean that they must be treated as one for the purpose of awarding costs...." 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.72 n. 4 (2d ed. 1990). Appellant claims, and

our review of the record shows, that large portions of the depositions related solely to the partition suit between Mr. and Ms. Kleiman and were of no concern to Aetna's defense. For instance, because the Kleimans were undisputed joint policy holders for the property that was lost or damaged, those portions of the transcripts exploring the Kleimans' ownership claims to their properties were not necessary for Aetna's defense. With the partition suit and Aetna's suit consolidated for trial, discovery proceeded jointly on both cases. Thus, Aetna's counsel not only was present for all the depositions but also was in a position to know that sections of the depositions were irrelevant to his case. It is unfair to require appellant to pay Aetna's costs of obtaining large portions of transcripts which Aetna knew or should have known were unrelated to its case. We find nothing in the record to indicate that the trial judge considered that the consolidation of the Kleimans' partition case with their case against Aetna—including consolidated discovery—may have meant that one or more portions of each consolidated deposition was not necessary to Aetna's defense.

 Appellant also claims that the trial judge erred in assessing all costs against him and none against co-plaintiff, Carolyn Kleiman. Generally an intervening plaintiff stands "in the same position as the original plaintiff for the purpose of taxing costs." *Id.* at ¶ 54.70[4]. *See also Martel v. Carlson,* 118 So.2d 592, 594 (Fla.App. 1960) (proper to apportion costs between unsuccessful plaintiffs in consolidated trial). We see no reason why the general rule should not apply in this case. The record does not reflect that the trial judge considered this rule and then chose to exercise his discretion by disregarding it. *See Johnson v. United States,* 398 A.2d 354, 363–64 (D.C.1979) (abuse of discretion for

not necessarily conclusive proof of a Rule 11 violation.

4. Appellant raises this specific claim for the first time on appeal. While normally we only consider claims that have been preserved at trial, we resolve this issue in order "to prevent a clear

miscarriage of justice apparent from the record," *Miller v. Avirom,* 127 U.S.App.D.C. 367, 371, 384 F.2d 319, 323 (1967) (citation omitted); *see Chambers, Inc. v. Audette,* 385 A.2d 10, 15–16 (D.C.1978).

trial judge to fail to exercise choice in situation calling for choice).

### IV.

Accordingly, we reverse the award of Rule 11 sanctions against appellant and direct the trial court to vacate that order. We also reverse and remand the case for the trial court to recalculate and award costs under instructions to disallow Aetna's claim for those portions of the depositions that dealt exclusively with the partition case and, further, to assess costs to both plaintiffs jointly unless reasons appear warranting some other allocation.[5]

*So ordered.*

---

**5.** On remand, we hope the parties will apply the principles we have outlined to settle all their differences out-of-court.