Tiwanda HARRIS, et al., Appellants,

v.

**SEARS ROEBUCK AND COMPANY,**
Appellee.

No. 95–CV–1370.

District of Columbia Court of Appeals.

Submitted Nov. 26, 1996.
Decided June 12, 1997.

Valerie S. Bailey was on the brief, for appellants.

D. Elizabeth Walker, Rockville, MD, was on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

Appellants seek reversal of the trial court's order assessing costs for depositions, photocopying, motions, and expert witnesses against appellants. We remand the case for a recalculation of costs.

## I.

On a Saturday afternoon in July 1991, Mrs. Tiwanda Harris and her three-year-old granddaughter were sitting in Harris' car in the parking lot of the Sears Roebuck department store on Alabama Avenue, Southeast. Mrs. Harris had opened the car door and, as she was preparing to enter the store, a man brandishing a gun approached her and demanded money. The assailant shot Mrs. Harris in the mouth and fled. Mrs. Harris underwent emergency surgery and was hospitalized for seven days.

Mrs. Harris, her husband, and her granddaughter sued Sears in the Superior Court of the District of Columbia for failure to provide adequate security. At the end of appellants' case, appellee, Sears, moved the court for a directed verdict. On May 11, 1993, the trial court granted the motion and Sears moved for the assessment of costs. This court affirmed the directed verdict, and a petition for rehearing and rehearing en banc was denied. On June 6, 1995, the trial court ordered costs against the appellants in the amount of $8,878.36. After an unopposed motion to reconsider was filed by the appellants, the court modified the order on August 17, 1995, slightly reducing the taxed costs. Appellants filed a timely notice of appeal. Appellee offered to file an Order of Satisfaction without payment of costs if appellants would dismiss the appeal to avoid further litigation costs.

## II.

Under Super. Ct. Civ. R. 54(d) (1997), trial judges have discretion to award costs to the prevailing party.[1] Witness fees

---

1. Super. Ct. Civ. R. 54(d)(1) states:

   Except when express provision therefor is made either in an applicable statute or in these Rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the Court otherwise directs....

   Reading the District of Columbia cases in this area in light of the federal cases, *Ingber v. Ross,* 479 A.2d 1256, 1266 n. 13 (D.C.1984) (observing that Super. Ct. Civ. R. 54(d) is substantially identical to FED.R.CIV.P. 54 and that we consider federal decisional authority to be persuasive), we note that the law concerning the court's discretion is not entirely clear in all particulars, but for the purposes of this case it is clear enough. *Compare Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) ("[T]he discretion given district judges to tax costs should be sparingly exercised with ref-

   erence to expenses not specifically allowed by statute."), *with Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442–43, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987) (holding that the "discretion granted by [Federal] Rule 54(d)" to federal courts is "a power to decline to tax, as costs, the items enumerated" as costs in the federal statute (28 U.S.C. § 1920) and disapproving the above sentence in *Farmer*); *see Talley v. Varma,* 689 A.2d 547, 555 (D.C.1997) (noting "[t]he trial court's discretion lies in whether or not to award as costs items specifically authorized by 28 U.S.C. § 1920 (1994) or by other statutes (or court rule)" but also quoting *Robinson v. Howard Univ.,* 455 A.2d 1363, 1368–69 (D.C.1983), for the proposition that " '[t]he authority of a court to assess a particular item as costs is partly a matter of statute (or court rule),

and the costs of depositions, reporters' transcripts on appeal, and premiums on bonds may be taxed at the discretion of the court. Super. Ct. Civ. R. 54–I (1997). Because the decision to award costs is within the discretion of the trial court, this court must not substitute its own discretion. We have noted that "it is generally held that no appeal lies from a judgment respecting costs only." *Panos v. Nefflen*, 205 A.2d 600, 602 (D.C.1964). However, this case qualifies as an exception to that general proposition.

▆▆▆ Where a statute allows for specified fees, the trial court is obligated to exercise its discretion in deciding whether or not to award such fees. See *supra* note 1. The court's discretion is of paramount importance "where the antagonists are very unevenly matched in size, resources, and stability, [as] it would be unfortunate to use the possible taxation of costs as a sword of Damocles and so prevent a good faith defense [or lawsuit]." *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y.1971) (reducing the costs taxed against defendant from $1,572.32 to $41.84 where defendant was a very small business struggling to stay alive, the case was a close one, and many of the items sought to be taxed were not necessary for the court to make its decision).[2] *But see Robinson, supra*, 455 A.2d at 1367 n. 1 (court may award costs against "indigent party, like any other litigant," in part to insure that such party "will weigh the costs of litigation against the likelihood of success before proceeding in court").

With these principles in mind, we turn now to the trial court's order.

## III.

### A. Deposition Costs

▆▆▆ Costs for seven depositions were awarded for a total amount of $2,445.65. Deposition costs are specifically delineated as taxable at the court's discretion under Super. Ct. Civ. R. 54–I. There is no requirement

that the deposition be used at trial. However, the court must "find that the deposition was necessary for case preparation." *Kleiman v. Aetna Cas. & Sur. Co.*, 581 A.2d 1263, 1267 (D.C.1990) (citations omitted). Here the trial court ruled that it was satisfied that each of the depositions was necessary for the defendant's preparation of the case. In light of this finding, we cannot say that the trial court abused its discretion in awarding costs for the depositions.

### B. Photocopying Fees

▆▆▆ Copies of depositions are taxable upon a showing of "necessity to the preparation of one's case." *Bennett v. Kiggins*, 391 A.2d 236, 238 (D.C.1978) (affirming the trial court's assessment of costs, noting that "the trial court must have determined that copies of the depositions aided appellees in pursuing the summary judgment order which disposed of this case"), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 39 (1979). In its initial order, the trial court determined that because the depositions were necessary for case preparation, the photocopying charges ($752.20) would also be awarded. In modifying its first order, the trial court affirmed its award of photocopying costs, explaining that both the transcripts and copies of the transcripts were necessary for trial preparation. Because the trial court found that the copies were necessary for trial preparation, we cannot say that the court abused its discretion.

### C. Motions Fees

▆▆▆ The trial court awarded fees incurred in the filing of seven motions. Court filing fees are allowed as a matter of course. *Talley, supra*, 689 A.2d at 555 n. 1; *Robinson, supra*, 455 A.2d at 1368 n. 1; *Panos, supra*, 205 A.2d at 601–02. Therefore, we find no abuse of discretion in the trial court's awarding of the motions fees.

and partly a matter of custom, practice, and usage.' ").

**2.** *Cf. Maldonado v. Parasole*, 66 F.R.D. 388, 390–91 (E.D.N.Y.1975) (finding no reason to deny costs where in alleging an illegal assault plaintiff

produced no evidence to support his claims of physical injury; thus it was not a close case, and there was not a wide disparity of economic resources between the parties).

### D. Expert Witness Fees

 The trial court assessed expert witness fees in the amount of $5,030.00 against the appellants, claiming that the award of extraordinary costs such as expert witness costs is within the court's discretion under *Robinson, supra,* 455 A.2d at 1369 n. 1 (awarding "per diem" costs against appellant after second trial resulted in verdict for appellees when during first trial appellant made eve-of-trial request to change scope of expert testimony and trial court conditioned mistrial upon appellant's paying costs). We recently held "that the federal statutory limit applies to expert witness fees provided for under Super. Ct. Civ. R. 54 and 54–I." *Talley, supra,* 689 A.2d at 557 n. 1. *See* D.C.Code § 15–714(b) (1995).[3] Therefore, we remand to the trial court to recalculate the expert witness fees.

We affirm the judgment of the Superior Court awarding costs for appellee's depositions, photocopying fees, and motions fees. We reverse and remand the portions of the Superior Court's order relating to costs allowed for expert witness fees.

*So ordered.*

---

**3.** D.C.Code § 15–714(b) states in part:
   The fees and travel allowances to be paid any witness compelled by subpoena to attend any branch of the Superior Court of the District of Columbia ... shall be the same amount as paid a witness compelled to attend before the United States District Court for the District of Columbia.

The cross reference to this statute directs us to 28 U.S.C. § 1821 *et seq.* (1994) for per diem and mileage fees in United States Courts. 28 U.S.C. § 1821(b) states that witnesses shall be paid an attendance fee of $40 per day for each day's attendance.