**Julian Emiliano DEL ROSARIO, et al., Appellants,**

v.

**Jing Hwa WANG, et al., Appellees.**

**No. 01–CV–950.**

District of Columbia Court of Appeals.

Argued May 23, 2002.

Decided July 25, 2002.

---

Peter L. Sissman, Arlington, VA, with whom Gwendolyn M. Hickman, Fredericksburg, VA, was on the brief, for appellants.

Jonathan Eric Agin, with whom Michael M. Hicks, Washington, DC, was on the brief, for appellee Jing Hwa Wang.

Rocco C. Nunzio, Rockville, MD, for appellee Maryland Automobile Insurance Fund.

Before FARRELL, RUIZ, and GLICKMAN, Associate Judges.

FARRELL, Associate Judge:

This appeal stems only from the trial court's award of costs to appellees Jing Hwa Wang and the Maryland Automobile

Insurance Fund ("MAIF") related to their successful defense of a personal injury claim following an automobile accident between Wang and appellants (plaintiffs below).[1] The costs awarded consisted of the expenses of depositions, including related interpreter costs, and filing fees. The court thereafter denied appellants' motion under Super. Ct. Civ. R. 59(e) to alter or amend the award. On appeal, appellants principally argue that the trial court violated Super. Ct. Civ. R. 63 because the judge who signed both orders (Judge Graae) had replaced the trial judge (Judge Beck) without certifying familiarity with the record. We affirm.

## I.

■ We begin by considering whether we have jurisdiction to hear this appeal strictly from an award of costs. The issue is prompted by our statement in *Panos v. Nefflen,* 205 A.2d 600 (D.C.1964), that "it is generally held that no appeal lies from a judgment respecting costs only." *Id.* at 602 (footnote omitted). What the court meant in *Panos* becomes clear when we review the authorities it cited in the footnote we have omitted, *i.e., Wetzel v. Ohio,* 371 U.S. 62, 83 S.Ct. 111, 9 L.Ed.2d 26 (1962), and the cases cited therein. It is settled, to begin with, that an appeal only from an award of costs does not permit the court to " 'pass upon the merits' " of the underlying judgment. *Wetzel,* 371 U.S. at 64, 83 S.Ct. 111 (Douglas, J., concurring) (quoting *Heitmuller v. Stokes,* 256 U.S. 359, 362, 41 S.Ct. 522, 65 L.Ed. 990 (1921)); *see id.* at 66, 83 S.Ct. 111 (Clark, J., dissenting). Beyond that, however, the reviewability of an award of costs depends practically upon the nature of the challenge. As the Supreme Court stated in

*Newton v. Consolidated Gas Co.,* 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909 (1924):

"There is no doubt that, as a general rule, an appeal does not lie from a decree solely for costs .... [This rule] is easily deducible from the discretion vested in the trial court .... But the rule is not absolute and should not be enforced when the trial court assumes the power to assess ... costs ... not legally assessable as such."

*Id.* at 82–83, 44 S.Ct. 481 (quoted in *Wetzel,* 371 U.S. at 64, 83 S.Ct. 111 (Douglas, J., concurring)).

■ The issue is not one of jurisdiction—or power to review—but of the scope of review. Thus, an appeal challenging an award of costs committed by law to the trial court's discretion will rarely be disturbed, for as this court stated in *Talley v. Varma,* 689 A.2d 547 (D.C.1997), a party appealing an award of costs " 'bears the burden of convincing this court on appeal that the trial court erred[,] ... [and] the burden is even greater when the standard of review is abuse of discretion.' " *Id.* at 555 (quoting *Robinson v. Howard Univ.,* 455 A.2d 1363, 1370 (D.C.1983)). On the other hand, a challenge to the trial court's statutory authority to award particular costs lies clearly within this court's power to review. *See Harris v. Sears Roebuck & Co.,* 695 A.2d 108, 110–11 (D.C.1997) (treating statutory challenge to award of expert witness fees). We decide such issues *de novo. See* 10 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 54.100[4][b], at 54–149 (Matthew Bender, 3d ed. 2002) ("Whether an item claimed in a bill of costs may be compensated is ... an issue of statutory construction subject to de novo review.").

---

1. The original defendant was Jing Hwa Wang. The Maryland Automobile Insurance Fund (MAIF) was permitted to intervene as a defendant after Wang's insurer became insolvent.

■ In this case, however conclusorily, appellants have challenged Judge Beck's authority to award particular items of costs, such as interpreter's fees. And they have raised a broader objection under Rule 63 to the manner by which the fees were awarded. Given the nature of these challenges, they are properly before us for review.

## II.

■ Appellants first contend that the trial court exercised no discretion in this case because the costs were awarded by Judge Graae, who had replaced Judge Beck after she became ill, and Judge Graae did not certify familiarity with the record as required by Rule 63—thus leaving him with no basis for the proper exercise of discretion.[2] We do not accept the lead premise of this argument, which is that Judge Graae awarded the costs. In denying appellants' Rule 59(e) motion to alter or amend, he stated just the contrary: Although he had been appointed by the presiding judge of the division "to handle all of the Calendar 7 matters until Judge Beck's return," the appointment was made only after "*she* [Judge Beck] reviewed the bills of costs submitted by the parties in [the present] case and instructed her law clerk to prepare an order reflecting *her ruling*" (emphasis added). The order was then "forwarded to [Judge Graae] for signature." Accordingly, Judge Graae concluded, "[t]he ruling on costs was based on an informed decision of the trial judge with due consideration of the record."

Appellants offer no reason why we should reject Judge Graae's determination that Judge Beck made the award of costs.[3] Nor have they cited anything in law implying that, because Judge Graae *signed* the order awarding costs, that act effectively divested Judge Beck of authority to make the award and required Judge Graae to certify familiarity with the record under Rule 63. The case is no different, in our view, than if Judge Graae had signed Judge Beck's name to the order indicating (by an "/s/" or other symbol) that he was signing it on her behalf. Absent any reason for us to doubt that Judge Beck in fact made the ruling on costs, we reject appellants' Rule 63–based argument that the original order was issued by a judge unfamiliar with the record.

■ Appellants argue, nevertheless, that Judge Graae violated Rule 63 when he denied their motion under Rule 59(e) to alter or amend the award of costs.[4] Because Judge Graae, not Judge Beck, denied the motion to alter or amend, appellants present what at first blush is a meritorious claim that they were denied a fair ruling on their motion when Judge

---

2. Super. Ct. Civ. R. 63 provides:

   If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

3. Appellants' bold assertion that, even according to Judge Graae, it was Judge Beck's *law clerk* who made the award of costs—rather than the judge—is refuted by Judge Graae's statement twice that the ruling was Judge Beck's.

4. Appellees do not dispute that such a motion was proper under Rule 59(e) (*i.e.*, that a ruling on costs constituted a "judgment" within the meaning of the rule), and we accept the case in that posture.

Graae denied it without having certified his familiarity with the record. Decisions construing Fed.R.Civ.P. 63 have recognized its application to post-trial motions such as this one. *See, e.g., Canseco v. United States,* 97 F.3d 1224, 1226 (9th Cir.1996) (citing cases) ("The plain language of [Rule 63] indicates that the certification of familiarity requirement applies to *all* cases in which a successor judge replaced another judge unable to proceed with a trial or hearing that has commenced." (emphasis added)); *Mergentime Corp. v. Washington Metro. Area Transit Auth.,* 334 U.S.App.D.C. 294, 299–301, 166 F.3d 1257, 1262–64 (1999) (discussing application of rule to post-trial motions under Rules 52 and 59).[5] And, as the District of Columbia Circuit has explained, substitution of one judge for another, together with the proper certification, serves an important purpose because "[i]t would be unfair to deny a litigant's right to try to persuade the court that it has erred simply [on the ground that] the judge who rendered the original decision is unavailable and cannot be called on to reconsider the matter." 334 U.S.App.D.C. at 301, 166 F.3d at 1264 (citation omitted); *see also United States Gypsum Co. v. Schiavo Bros., Inc.,* 668 F.2d 172, 177 (3d Cir.1981) (not permitting a successor judge familiar with the record to consider a motion frustrates a party's right to move for reconsideration under the federal rules).

As indicated, Judge Graae did not certify familiarity with the record before denying the motion to reconsider. We think Rule 63 required him to do so. Even as applied to the rather homely issue of costs of the litigation, compliance with that rule

ensures both the actuality and the appearance that a judge who takes over the matter at any stage—including on a motion to reconsider—has sufficient familiarity with it to exercise genuine discretion in the award. *See Mergentime Corp.,* 334 U.S.App.D.C. at 299, 166 F.3d at 1262 (Rule 63 "[b]alanc[es] efficiency and fairness . . . [by] allow[ing] successor judges to avoid retrial, but only to the extent they insure that they can stand in the shoes of the predecessor by determining that 'the case may be completed without prejudice to the parties.' ").

■ Nevertheless, on review of the record we discern no prejudice to appellants from Judge Graae's having decided the post-award motion without making the necessary certification. *See* D.C.Code § 11–721(e) (2001) ("On the hearing of any appeal in any case, the District of Columbia Court of Appeals shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."). For the most part, appellants' motion to alter and amend judgment asserted the same violation of Rule 63 and due process by Judge Graae that appellants now feature on appeal—and the factual premise of which we have rejected. The remaining objections to costs stated in the motion to reconsider had *all* been raised in the opposition to costs filed with Judge Beck. Although Judge Beck did not expressly reject those objections, the care she devoted to the costs issue (reducing, with an explanation, MAIF's requested amount from $4,064.25 to $2,369.25) is inconsistent with any notion that she ignored or overlooked them.

---

**5.** Since the comment following Rule 63–I indicates that "Rule 63 is identical to Federal Rules of Civil Procedure 63," federal cases interpreting the rule properly guide our analysis. *See Ingber v. Ross,* 479 A.2d 1256, 1266

n. 13 (D.C.1984) (considering federal decisional authority to be persuasive when the district's court rule was substantively identical to the corresponding federal rule).

■ Moreover, none of the objections to the award are well taken as a matter of law. First, there is no reason why MAIF could not properly be awarded costs as a defendant intervenor who had prevailed. MAIF was not limited—as appellants claim without authority—to filing a separate suit against the plaintiffs to recover its costs of defending.[6] For the purpose of taxing costs, an intervening party stands in the same position as the original party. *See Kleiman v. Aetna Cas. & Sur. Co.*, 581 A.2d 1263, 1267–68 (D.C. 1990) (reversing for abuse of discretion when the judge failed to allocate costs against the plaintiff and intervening plaintiff jointly); *Smith v. Board of School Comm'rs*, 119 F.R.D. 440, 442 (S.D.Ala. 1988) (finding "defendant-intervenors ought to stand in like case with defendants as prevailing parties").

■ Second, the choice whether "to impose an award of costs jointly or severally or to disaggregate costs and impose them individually" lies within the trial court's discretion, *see* 10 MOORE, § 54.104[4], at 54–163 & n. 37, and appellants offer no reason why disaggregation was compelled here. Third, appellants' objection to costs for the second round of depositions—and for interpreter costs—fails initially because, as they concede in their brief (p. 3), they had previously agreed to those depositions without any objection to the use of an interpreter. And Rule 54–I(b) specifically provides for the recovery of deposition costs so long as "the deposition was necessary for case preparation." *Harris*, 695 A.2d at 110 (quoting *Kleiman*, 581 A.2d at 1267). As to interpreter costs, Rule 43(f) directs that any compensation for the use of an interpreter "may be taxed ultimately as costs, in the discretion of the Court," notwithstanding that initially "the party taking the deposition shall bear the cost of the record" of a deposition. *See* Rule 30(b)(2). *See also* 10 MOORE, § 54.102[2][f], at 54–170.1 ("The expense of an interpreter may be assessed or divided among the parties as the court directs, and may be taxed as costs against the losing party.").

All told, there is no reason on this record for us to conclude that a certification of familiarity with the record by Judge Graae would, or even might, have led him to a different decision in denying the motion to reconsider Judge Beck's ruling.[7]

*Affirmed.*

---

6. The argument that defendant Wang, through his attorneys, lacked "standing" to seek costs was—and is—unsubstantiated by any legal support.

7. We have considered appellants' remaining arguments against the award of costs, and reject them.