**In re ESTATE OF Marguerite L. CORSETTI, Luke De Iuliis and Paul Arient, Appellants.**

Nos. 06–PR–1477, 07–PR–415.

District of Columbia Court of Appeals.

July 26, 2007.

---

15. The court sincerely regrets the unusual delay in issuing this opinion.

Michael B. McGovern, Washington, DC, was on the appellee's motion for reconsideration or clarification.

Lois R. Goodman and Charles S. Vizzini, Washington, DC, were on the appellants' response.

Before BLACKBURNE–RIGSBY, Associate Judge, and NEBEKER and TERRY, Senior Judges.

PER CURIAM:

On October 17, 2006, the Superior Court issued an order admitting the will of Marguerite Corsetti to probate. Ms. Corsetti's grandson, Mario Segreti, who had challenged her capacity to make the will, then noted appeal No. 06–PR–1477. After the will was admitted to probate, Luke De Iuliis and Paul Arient, the personal representative and trustees of Ms. Corsetti's estate, filed a witness certification under Super. Ct. Civ. R. 54–I in order to recoup some of the costs the estate had incurred in defending against Mr. Segreti's challenge. Mr. Segreti filed a motion to strike that certification as untimely, and the trial court granted his motion on December 29, 2006. Mr. De Iuliis and Mr. Arient filed a timely motion for reconsideration on January 17, 2007, but it too was denied, and so they filed appeal No. 07–PR–415 on March 2, 2007. However, we subsequently directed them to show cause why that appeal should not be dismissed as having been taken from a non-final and non-appealable order. Their response was persuasive, and we discharged the show cause order and consolidated the two appeals on June 12, 2007. The discharge order cited Super. Ct. Prob. R. 8(d)(2) and *Del Rosario v. Wang*, 804 A.2d 292 (D.C.2002). Mr. Segreti now asks that we either reconsider or clarify that decision, contending that neither authority justifies this court's exercise of jurisdiction. Because he is correct with respect to the first citation, but not the second, we will deny the motion for reconsideration and grant the motion for clarification (by way of this opinion which identifies the basis of our jurisdiction).

Superior Court Probate Rule 8(d)(2) permits an appeal to be taken from any order that limits the rights of fiduciaries. Because the appellants are fiduciaries of the estate and cited this rule in their notice of appeal, we concluded that it was applicable. But Mr. Segreti has since correctly pointed out that the rule is limited to "intervention proceedings." The appellants argue that the underlying case is such a proceeding because it involved an attack on a trust in addition to a will. Their argument is not persuasive. Subpart I of the Probate Rules clearly defines an intervention proceeding as one "filed under the District of Columbia Guardianship, Protective Proceedings, and Durable Power of Attorney Act." This case was not brought under that statute; it involves an inter-vivos trust, and Mr. Segreti is correct that we did not intend to apply probate rules intended for appeals of intervention orders to this matter.

However, his reading of our decision in *Del Rosario* is too limited. In that case, we were presented solely with a post-trial award of costs and we addressed the question of jurisdiction as an initial

matter because this court had long ago said: "it is generally held that no appeal lies from a judgment respecting costs only."[1] This statement has been repeatedly cited as the controlling rule ever since. *Del Rosario* is unique, however, because it examined the rule in light of the authorities cited in support of the proposition. The opinion noted that the statement really means this court may not, in considering an award of costs, reach back to consider further the merits of the underlying judgment.[2] The issue is not one of jurisdiction, but rather of the appropriate scope of review and "a challenge to the trial court's statutory authority to award particular costs lies clearly within this court's power to review."[3] Under these principles, we now hold that orders striking a post-judgment Super. Ct. Civ. R. 54–I(a) certification are final and appealable.[4] Because that certification must be filed within a specified amount of time[5] before a litigant may recover statutorily authorized costs,[6] trial court decisions which effectively foreclose that recovery fall within this court's review authority as identified by *Del Rosario*.

Accordingly, our June 12, 2007, order discharging the show cause order shall stand. These cases shall proceed to briefing and argument or submission in the usual manner.

*So ordered.*

---

1. *Panos v. Nefflen,* 205 A.2d 600, 602 (D.C. 1964).

2. *Del Rosario,* 804 A.2d at 294.

3. *Id.*

4. Including, as here, orders that deny a timely request for "reconsideration."

5. Five days after the entry of a final order or judgment. Super. Ct. Civ. R. 54–I(a).

6. A prevailing party may recover witness fees under D.C.Code § 15–714(b) (2001).