UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CAROL CROWLEY; PEGGY DANETTE
STATON,

　　　　　　*Plaintiffs-Appellees,*

　　　　v.

CCAIR, INCORPORATED,

　　　　　　*Defendant-Appellant.*

No. 03-1115

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Carl Horn, III, Magistrate Judge.
(CA-00-647-3-H)

Argued: January 21, 2004

Decided: May 7, 2004

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Christopher James Pappaioanou, MESA AIR GROUP,
Phoenix, Arizona, for Appellant. Julie Hanna Fosbinder, Charlotte,
North Carolina, for Appellees. **ON BRIEF:** Gregg S. Avitable,
PIPER RUDNICK, L.L.P., Washington, D.C., for Appellant. Martha
C. Odom, LESESNE & CONNETTE, Charlotte, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

CCAIR, Incorporated ("CCAIR") appeals a jury verdict that awarded $300,000 in compensatory damages individually to Carol Crowley ("Crowley") and Peggy Staton ("Staton"). The issue before this court is whether the amount of compensatory damages awarded by the jury constitutes plain error. Finding no plain error, we affirm.

### I.

Crowley and Staton are former employees of CCAIR, where they worked as flight dispatchers in Charlotte, North Carolina. Crowley worked for CCAIR for ten years. (J.A. 70.) Staton had been a CCAIR employee for approximately eighteen years. (J.A. 429.) Both Crowley and Staton received good performance evaluations throughout their careers at CCAIR. (J.A. at 702.) However, in 1999, CCAIR terminated Crowley and Staton for "violating company policies in connection with the booking of two pilots 'positive space' (a non-revenue airline travel boarding priority) onto two flights operated by U.S. Airways, Inc. . . ." (Appellant's Br. at 3.) Crowley and Staton challenged their terminations internally, claiming it was common practice for flight dispatchers to book positive space for pilots, yet they were unsuccessful. Thereafter, in 2000, Crowley and Staton filed suit in the United States District Court for the Western District of North Carolina, alleging that their termination was motivated by gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and that as a result of being terminated they each suffered emotional distress.

CCAIR filed a motion for summary judgment, which the district court denied regarding Crowley's and Staton's legal claims, however, the court granted summary judgment in CCAIR's favor on the issue of punitive damages. Thereafter, Appellees' Title VII and emotional

distress claims proceeded to a jury trial, where they were each awarded $300,000 in compensatory damages. CCAIR never filed a post-trial motion under Rule 50 or 59 of the Federal Rules of Civil Procedure to challenge the sufficiency of the evidence, the amount of damages awarded, or for judgment notwithstanding the verdict. Instead, CCAIR appealed to this Court, requesting that we remand the case to the district court with instructions to grant remittitur of damages or, in the alternative, to grant a new trial.

## II.

It is well settled that when an issue is raised for the first time on appeal, as is the case here, we review for plain error. *See Corti v. Storage Tech. Corp.*, 304 F.3d 336, 341 (4th Cir. 2002); *Taylor v. Virginia Union Univ.*, 1993 F.3d 219, 239 (4th Cir. 1999) (*en banc*), *abrogated on other grounds*, *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277 (4th Cir. 2004); *Singer v. Dungan*, 45 F.3d 823, 827-28 (4th Cir. 1995); *Stewart v. Hall*, 770 F.2d 1267, 1271 (4th Cir. 1985).

The Supreme Court has set forth the standard for plain error, requiring that the party seeking appellate review demonstrate that, "1) there is an error, 2) the error is plain, 3) the error affects substantial rights, and 4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 730 (1993). For the reasons to follow, we find no plain error and affirm.

## III.

The case *sub judice* is in a peculiar procedural posture because CCAIR failed to file a post trial motion challenging the sufficiency of the evidence or the amount of the damage award; instead CCAIR raises these issues for the first time on appeal. In a somewhat similar case, where a party failed to move for judgment as a matter of law under Fed. R. Civ. P. 50(b), we held that the court was "substantially limited" in its "ability to review the sufficiency of the evidence" on appeal. *Chesapeake Paper Products Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1238 (4th Cir. 1995). Because the case was in such a peculiar procedural posture, we held in *Chesapeake Paper*

*Products* that, "we review the evidence only to determine whether there was '*any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice.'" *Id.* (quoting *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir. 1978)); *see also Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 187 (4th Cir. 1994) (holding that "a party's complete failure to move for judgment as a matter of law, barring plain error, generally forecloses appellate review of the sufficiency of the evidence"). Several sister circuits also apply the plain error standard of review to claims that have not been properly raised at the trial court.[1] However, other circuits have gone even further, precluding appellate review altogether if a party fails to move for a new trial or challenge a damage award at trial.[2]

---

[1]*See e.g.*, *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 102 (1st Cir. 2003) (affirming jury verdict under plain error standard, because "defendants who fail to preserve challenges to the jury verdict below forfeit review of those claims on appeal. . . ."); *Loehr v. Walton*, 242 F.3d 834, 837 (8th Cir. 2001) (holding that appellant who failed to challenge the excessiveness of the jury verdict before the trial court waived that issue on appeal, and thus affirming under plain error standard); *Sloman v. Tadlock*, 21 F.3d 1462, 1473 (9th Cir. 1994) (holding that where party fails to make a motion for judgment as a matter of law, court may not review sufficiency of the evidence, unless "there is such plain error apparent on the face of the record that failure to review would result in a manifest miscarriage of justice. . . ."); *Georgetown Manor v. Ethan Allen, Inc.*, 991 F.2d 1533, 1539-40 (11th Cir. 1993) (noting that court reviews sufficiency of evidence under plain error standard when party fails to move for directed verdict at trial); *Bueno v. City of Donna*, 714 F.2d 484, 494 (5th Cir. 1983) (affirming jury verdict under plain error standard because defendants failed to move for judgment notwithstanding the verdict, file motion for a new trial, or seek remittitur).

[2]*See e.g.*, *Young v. Langley*, 793 F.2d 792, 794 (6th Cir. 1986) ("This court may not review the alleged excessiveness of verdicts absent a timely motion for new trial and the trial court's ruling thereon."); *Calcagni v. Hudson Waterways Corp.*, 603 F.2d 1049, 1051 (2d Cir. 1979) ("Appellant's final argument is that the damages . . . for pain and suffering and . . . for lost wages are grossly excessive. Appellant made no motion in the trial court based on this ground, however, precluding its bare assertion in this court."); *Hahn v. Becker*, 588 F.2d 768, 771 (7th

In reaching our decision, we do not go so far as to hold that a party's failure to challenge the sufficiency of the evidence or the amount of a jury verdict at the trial level completely precludes appellate review, unlike some of our sister circuits. Rather, we adhere to our Circuit's long-standing plain error standard of review, and hold that jury verdicts, which are challenged for the first time on appeal, will be affirmed if there is *any* evidence to support the verdict, regardless of its sufficiency, absent plain error.

Applying this standard to the instant case, we find that there was evidence in the record supporting the amount of compensatory damages awarded to Crowley and Staton. Indeed, during oral argument counsel for CCAIR conceded that there was evidence to support the jury's finding of liability. Additionally, Crowley testified that her termination had devastating effects upon her husband and four children, because they could no longer afford health insurance, and it strained her marriage. (J.A. 148, 151.) Crowley also testified that it took her approximately nine months to find another job, and her new position was humiliating because she went from being a decision-maker with CCAIR to cleaning airplanes in her new position, where she occasionally encountered some of her former CCAIR colleagues. (J.A. 150-51.) There was also testimony showing that Crowley suffered emotionally as a result of her termination, because she sought treatment from a physician who prescribed an antidepressant. (J.A. 152.) The testimony of two additional witnesses, Crowley's mother and one of Crowley's close friends, further supported Crowley's claims of emotional distress. (J.A. 612-13, 618-19.)

Staton, who was a single, self-reliant woman prior to her termination, testified that she became worried about her financial security after being fired because she had no one to call upon for financial support. (J.A. 499.) Staton also testified that, as a single woman, she

Cir. 1979) ("Absent a timely motion for new trial and the trial court's ruling thereon this court may not review the alleged excessiveness of the verdicts."); *Ryen v. Owens*, 446 F.2d 1333, 1334 (D.C. Cir. 1971) ("[A] motion for a new trial must be made to the trial court if a party desires to attack on appeal a judgment in a jury case on the ground that the damages are inadequate.").

put all of her energy into her job, which was also where most of her friendships originated, so she testified about being isolated after her termination. (J.A. 499, 502.)

Upon this record, we conclude that there was evidence to support the jury's compensatory damage award. Thus, finding no plain error, we affirm.

*AFFIRMED*