**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6294**

KEVIN YOUNGER,

       Plaintiff - Appellee,

    v.

JEMIAH L. GREEN,

       Defendant - Appellant,

    and

RICHARD N. HANNA; KWASI H. RAMSEY; WALLACE SINGLETARY; TYRONE CROWDER; NEIL DUPREE,

       Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:16-cv-03269-RDB)

Submitted:  June 30, 2021                     Decided:  July 30, 2021

Before KING and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Jemiah L. Green, Appellant Pro Se. Allen Eisner Honick, WHITEFORD, TAYLOR & PRESTON, LLP, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jemiah L. Green appeals the jury verdict in favor of Kevin Younger on his claim against Green under 42 U.S.C. § 1983. For the reasons that follow, we affirm in part and dismiss in part.

Green argues that the jury verdict was excessive. Because Green did not raise this argument in a postjudgment motion in the district court, we review this issue for plain error. *See Crowley v. CCAIR, Inc.*, 98 F. App'x 930, 932-33 (4th Cir. 2004) (No. 03-1115) (argued but unpublished) (reviewing unpreserved claim for remittitur for plain error). To establish plain error, Green must demonstrate that "(1) the district court erred; (2) the error is plain; (3) the error affects his substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 912 F.3d 731, 738 (4th Cir. 2019) (alterations and internal quotation marks omitted). Green has failed to satisfy these standards. Thus, we affirm this portion of the judgment.

Green also seeks to challenge a potential future award of attorney's fees to Younger. The district court denied Younger's motion for attorney's fees without prejudice. To the extent that Green seeks to appeal that order, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order denying Younger's motion for attorney's fees is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss this portion of Green's appeal for lack of jurisdiction.

3

Accordingly, we grant Green leave to proceed in forma pauperis, grant Younger's motion for leave to file an informal response brief, affirm in part, and dismiss in part.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] To the extent Green requests a stay of the district court's judgment pending appeal, our resolution of the appeal renders this request moot.